## STATE by STATE ROAD COMMISSION v. ROZZELLE et ux.

No. 6408.   Decided December 30, 1941.   (120 P. 2d 276.)

Rehearing Denied May 4, 1942.

See 18 Am. Jur. 789; 29 C. J. S., Em. Domain, sec. 105.

*Grover A. Giles*, Atty. Gen., *S. D. Huffaker*, Asst. Atty. Gen., *Herbert F. Smith*, Deputy Atty. Gen., and *Grant Mac-Farlane*, of Salt Lake City, for appellant.

*E. A. Walton*, of Salt Lake City, for respondents.

PRATT, Justice.

Condemnee's (Joseph W. Rozzelle's) land lies on the state highway between Salt Lake City and Provo at the "Point of the Mountain." The traffic on the highway before realignment ran along the northeast side of his property; after realignment the traffic switched to the new part of the highway running across the southwest part of his land, which was the part condemned in this proceeding. Condemnee had leased his land for gasoline station purposes. The station was constructed with a frontage on the old highway. In realigning the road a cut was dug upon the land condemned. This made access from condemnee's land to the new highway indirect. The controversy in this case arises over the question of whether or not, in ascertaining the value of condemnee's remaining land after the part condemned has been taken, loss of business is a proper element for consideration. The State contends that the loss of business is not attributable to the taking of part of condemnee's land, but to the change of traffic from one roadway to the other.

To properly answer this question we must discuss briefly the pleadings and the evidence. Among other allegations in the complaint are these:

"IV. That the acquiring of said property above described is necessary for the reconstruction, construction, aligning and regrading of said highway."

"X. That the locating, re-construction, realigning, regrading, and construction of said highway over said parcels of land, as above described, has been and will be in each and every case done in a matter [manner] compatible with the greatest public good and the least private injury."

These allegations are denied by condemnee, who alleges this:

"10. They [condemnee's wife was included as a defendant] allege that the tract and tracts specifically described in the complaint and sought to be condemned herein constitute a part of a single parcel of land owned by the said Joseph W. Rozzelle, and described as follows,

(description)

which entire tract is and has been for many years improved and used as one parcel of ground for business purposes, and which has been largely improved by the erection of various building, structures, and other improvements and is of the value of approximately $10,000.00; and

"Defendants further say, that the constructing, improving, relocating and regrading the said described highway over the property described, will damage the property herein described, and not sought to be condemned in the amount of approximately $10,000.00."

From these pleadings we see that the issues as to damages are limited to those flowing from either the taking of the strip of land condemned or the nature of the construction upon that strip. No other cause is alleged as productive of the damage. Condemnee as a witness testified as follows:

"Q. Now do you base that [diminution in value of the remaining tract] upon the loss of traffic that formerly came along this highway? A. You mean that is going past it now?

"Q. Yes. A. Yes, I base it upon the fact that right now there is a lot of traffic there, a heavy traffic; and probably the traffic is increasing heavily each year; and the traffic, so far as that property is concerned, won't be there at all, after this road is changed.

"Q. And so the entire loss of value, according to your judgment, is caused by the loss of travel on the present highway? A. Yes, on the loss of patronage.

"Q. And it isn't caused by the fact that a little portion of your land is being used by the Road Commission? A. Well it is caused by the fact that this Highway Commission put this cut back of my property.

"Q. Well, is it that, or the fact that you have lost the traffic along the highway? A. Well after—the fact that the cut being put there, that is a very deciding factor in that.

"Q. Now assuming that the cut were here, as it now is, and that the travel still came over this highway, would you then say that your business and tract of land was worth nothing. A. Well, if the cut was not used—

"Q. No, assuming that the cut was made, as it is, but not used; closed to traffic, and your traffic came over this present highway as it is now? A. The property would still have its present value.

"Q. Would still have its present value? A. Yes, sir."

Similar testimony was given by witnesses for the State as well as other witnesses for condemnee. But does such loss flow from either the taking of the strip of condemnee's land or from the nature of the construction upon that strip? We think not. Had the new highway missed condemnee's land entirely it is natural to believe that condemnee would have suffered the same loss. Traffic follows the shorter improved highway, regardless of the ownership of the land taken to construct it. It cannot be said that there was anything about the taking of condemnee's land or the nature of the construction thereon that induced the traffic to change, and which change would not have occurred had the new highway passed over property other than that of condemnee.

We have held that an abutting property owner may recover for losses sustained such as result from the shutting off or interfering with his access, light, or air. *Dooley Block* v. *Rapid Transit Co.*, 9 Utah 31, 33 P. 229, 24 L. R. A. 610; *State* v. *Fourth Judicial District Court*, 94 Utah 384, 78 P. 2d 502. To the extent that the present taking or construction so violates condemnee's rights, he is entitled to recover; but be the loss what it may it must have a causal connection with the taking of the property or the construction thereon.

If the value of the thing taken or the damage to the thing interfered with is measured by the loss of business, then we must know from the pleading what that thing is, be it tangible or intangible property. As the pleadings now stand we are unable to point either to the property or to the right of the condemnee as an abutting property owner, which was taken or which was interfered with, and the taking of which or the interference with which produced the loss of business testified to in the case.

The lower court awarded condemnee $5,000 for damages to his remaining land. To arrive at that figure the court had to accept the loss of business as a measure of the damage. As indicate above, this was error.

The judgment of the lower court is vacated and set aside as to these damages and the case is remanded for a new trial.

Costs to appellant.

MOFFAT, C. J., and LARSON, J., concur.

WOLFE, Justice (concurring).

I concur. Regardless of the fact that the pleading may not show that the taking of the small strip of condemnee's land had any effect on the loss of business and hence any causal contribution in lessening the value of the remaining strip because of that taking (the loss in value of the remainder being due to a loss of business due to a removal of the road which would have been the same had the new road never run over any of the condemnee's property), still I think the question as to whether the condemnees have a right to such ingress and egress from the old road on the part of the public as would preserve their business should be squarely answered. It will save future litigation. The respondents seek damages, not for any physical detriment to their property because of a change in grade with a consequent loss of value for the purposes for which suited, but damages due to a decrease in value for the purposes of soliciting and catering to the public, the opportunity for which has been greatly

lessened by the removal of the road. I am in accord with the principle laid down in the opinion to the effect that abutting owners have no rights in the convenient accessability of the public to their place, the loss of which would mean loss of business. Any losses resulting from unreasonably cutting off their own access to their property or unreasonably interfering with their light and air given by reason of their abutting on a public highway are compensable. But not the loss of flow of traffic from the street into their place of business. The law does not give them a vested right in the business which travel along a public highway may have afforded them.

McDONOUGH, Justice (concurring).

I concur. I also concur in what is said by Mr. Justice WOLFE to the effect that diminution in value of the realty caused by the loss of the flow of traffic to or past defendant's place of business is not compensable.