373 P.2d 697

**BOARD OF EDUCATION OF LOGAN CITY SCHOOL DISTRICT, Plaintiff and Appellant,**

v.

**Jack CROFT and Lucille B. Croft, husband and wife, Defendants and Respondents.**

No. 9629.

Supreme Court of Utah.

July 31, 1962.

Olson & Calderwood, Logan, for appellant.

George .D. Preston, George W. Preston, Logan, for respondents.

WADE, Chief Justice.

Plaintiff Logan City Board of Education appeals from a jury award to defendants Croft for a 1.24-acre tract of land taken for use as part of a junior high school grounds, and damages to the remaining property, though no part thereof was taken, by the construction of the proposed improvements.

The school buildings occupy the central part of a 26-acre tract of land on the west side of Second East Street, and between Eighth and Tenth North Streets, in Logan. The Croft home tract is the north of three adjoining lots immediately north of Eighth North Street and west of Second East Street. The school grounds adjoins the Croft home tract on the north side and west end, and the west side of Second East Street from the north side of the Croft home tract to Tenth North Street. The south end of the school buildings is 120 feet north from the north boundary of the Croft tract. West of the Croft home tract is a school parking lot, which opens on Eighth North Street and occupies about a third of the tract taken from the Crofts, and the school grounds occupies the ground for a substantial distance to the west of the tract taken from the Crofts.

**312**

Following is a map of the school grounds and the Croft home tract and the other tracts to the south, together with the other property taken:

The parcel marked "A" is the rear end of the Croft property taken by the School Board. Parcel "B" is where the school buildings are located and parcel "C" is a tract south and west of Croft's remaining home tract. The school grounds on which

there are no buildings consisting of parking lots, driveways and boys' and girls' areas is quite extensive.

In answer to special interrogatories the jury awarded $8,750 as the value of the property taken from the Crofts, and $204 as severance damages to the property not taken. Also the jury awarded $4,000 damages to the remaining land under Section 78–34–10(3) by the construction and maintenance of the school on land not taken from the Crofts.

Two problems are presented: 1) Was there a prima facie showing that the Crofts suffered compensable damages to their home tract, though no part thereof was taken by the construction of this school? 2) Was it prejudicial error to receive the overlay map showing a proposed residential subdivision of the Crofts' and other property together with testimony of the highest and best use of this property? We consider these problems in the order stated.

The award of $4,000 damages to the Crofts' home tract, though no part thereof was taken, was error. This award was based on Section 78–34–10(3) U.C.A.1953, our eminent domain statute, and Article I, Section 22 of our Constitution.

Section 78–34–10, U.C.A.1953 on eminent domain provides:

"Compensation and damages—How assessed.—The court, jury or referee must hear such legal evidence as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess:

"(1) The value of the property sought to be condemned and all improvements thereon appertaining to the realty, and of each and every separate estate or interest therein; and if it consists of different parcels, the value of each parcel and of each estate or interest therein shall be separately assessed.

"(2) If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the construction of the improvement in the manner proposed by the plaintiff.

"(3) If the property, though no part thereof is taken, will be damaged by the construction of the proposed improvement, the amount of such damages. * * *"

Article I, Section 22 of our Constitution provides:

"Private property shall not be taken or damaged for public use without just compensation."

██ Damages to land, by the construction of a public or industrial improvement, though no part thereof is taken as provided

for under 78–34–10(3), contrary to the rule for severance damages,[1] is limited to injuries that would be actionable at common law, or where there has been some physical disturbance of a right, either public or private, which the owner enjoys in connection with his property and which gives it additional value, and which causes him to sustain a special damage with respect to his property in excess of that sustained by the public generally. It requires a definite physical injury cognizable to the senses with a perceptible effect on the present market value: such as drying up wells and springs, destroying lateral supports, preventing surface waters from running off adjacent lands or running surface waters onto adjacent lands, or the depositing of cinders and other foreign materials on neighboring lands by the permanent operation of the business or improvement established on the adjoining lands.[2]

■ We find no evidence of physical injury to the remaining home tract of the Crofts by the building and operation of this school on lands adjoining their remaining home tract. The resulting physical injuries to their home tract, which are compensable, were covered by the award under question No. 2 on severance damages. So the $4,000 award must be eliminated.

■ 2) The School Board was not prejudiced by the evidence of the overlay map showing a proposed residential subdivision of the Croft property in conjunction with the property of their neighbors.

This overlay map was first offered and received in evidence without objection. Later, on motion of the School Board it was stricken from the record, and was again received in evidence for the Crofts as illustrating the highest and best use for the property. The proof was that the map was made by the owners of the three lots on the corner south of the school buildings, before the School Board indicated an intention to build the school in that place, under an oral understanding that the lands of the three owners would be so subdivided in the future for disposal as residential property.

The School Board contends that this overlay map was inadmissible because there was no written agreement between the owners to so divide the property and the oral agreement was not enforceable. This map was used only to illustrate the possible subdivision of the Croft property in connection with the property of others. No witness based his opinion of the value of the Croft property taken on the proposed map becoming effective. There were other

---

1. See 2 Nichols on Eminent Domain 326, sec. 6.441(1).
2. See 2 Nichols on Eminent Domain 332, sec. 6.441(3), also p. 336, sec. 6.443(1);

18 Am.Jur. 767, sec. 140; Twenty-Second Corp. of Church, etc., v. O. S. L. R. Co., 36 Utah 238, 103 P. 243, 23 L.R.A.,N.S., 860.

proposed subdivisions of the Croft property for residential purposes independent of the neighbors' property, and the expert witnesses gave their opinions on its value without special regard to this overlay map. The evidence was ample to support the award and there is nothing to indicate that this map had any influence thereon. So we conclude the evidence was not prejudicial.

The award of $4,000 damage to the Croft property, though no part thereof was taken, is ordered stricken from the judgment, and the judgment is otherwise affirmed. No costs awarded.

HENRIOD, McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.