442 P.2d 941

STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Respondent,

v.

Lloyd STANGER and Edna Olson Stanger, his wife, Defendants and Appellants.

No. 11028.

Supreme Court of Utah.

June 24, 1968.

Glen E. Fuller, Salt Lake City, for defendants and appellants.

Phil L. Hansen, Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a judgment on a jury verdict, in a condemnation proceeding in which

the jury held that the defendants were not entitled to any severance damages. Affirmed, with no costs awarded.

This case involves the taking by the state of .23 of an acre of defendants' land abutting a public highway in front of their house and garage. The design and the purpose of the taking was to provide an access that would accommodate and benefit the defendants in using the street in front of their house via a comparatively short improved road over a proposed interstate highway.

The value of the property taken was settled by stipulation. The only question in this case is severance damages.

■■■ Although a good portion of defendants' brief was devoted to sovereign immunity, it was conceded that this issue was never raised. Hence it should not be a point on appeal here. Therefore we ignore the issue, recognizing but not concurring in counsel's philosophy that the doctrine should be abolished. Defendants say it was error to invite the jury to look at both severance and consequential damages, but in this case it made no difference, and it certainly would defy logic to urge that even though the jury were instructed to find both severance *and* consequential damages, defendants were prejudiced where the jury found that *there were no damages at all,*— severance, consequential or otherwise.

■■■ Defendants urge that the court erred by stating that severance damages had to be "unique" with respect to the subject property, and different from neighboring properties. The use of the word "unique" may have been unfortunate, but a thorough reading of the dialogue impresses us that the trial court, in substance and effect, simply was emphasizing the fact that severance damages were those suffered by a devaluation of the owner's property not taken, the causa causa causans of which was the actual taking of a part of a unit of property, the whole of which he previously owned.

■■■ One-half of Instruction No. 7 is claimed to have been erroneous and hence prejudicial when combined with the oral loquence of the trial court. We think that any inaccuracy in No. 7, and we doubt if such urgence has merit, was overridden and corrected by the comprehensive standard stock and other instructions given, any objection to which is not raised on this appeal. As to the trial court's colloquy invited by counsels' objections and otherwise, wherein he gave examples relating to the difference between severance and consequential damages, all of which we think reflected the law, and generally impressing the jury with its duty to determine such damages, certainly was not prejudicial to defendants, whose counsel stipulated that the sole issue in the case was severance damages. Someone certainly should tell the jury the difference between the two

types of damages,—one compensable and the other one not. It is true that the court talked some about the jury's obligation to find what were severance and consequential damages, but reading the record could lead to no other reasonable conclusion than that the trial court simply was impressing the jurors that if they found severance *and* consequential damages they could *not* include the latter in their verdict,—which is but another way of saying severance damages were the only issue upon which the jury could deliberate.

Any conversation about neighbors suffering no loss seems to us not decisive here, since they were in the same position as defendants here as to about 20 of the 23 acres defendants own in their undivided tract, that *both* appraisers testified were not damaged at all by the taking.

Defendants' appraiser testified the taking devaluated the house and lot and a couple of acres adjoining that fronted on the street. Plaintiff's appraiser, equally qualified, said the taking actually benefited the three acres in question. Both gave reasons for their conclusions. The jury obviously was impressed by the one's testimony, and so found, as is its function where controversion abounds.

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.