452 P.2d 881

**STATE of Utah, By and Through its ROAD
COMMISSION, Plaintiff and Respondent,**

v.

**Thomas V. WILLIAMS and JoAnn H. Wil-
liams, his wife, et al., Defendants
and Appellants.**

**No. 11388.**

Supreme Court of Utah.

April 4, 1969.

Glen E. Fuller, Frederick S. Prince, Jr.,
Orval C. Harrison, Salt Lake City, for
appellants.

Vernon B. Romney, Atty. Gen., Gary A.
Frank, Asst. Atty. Gen., Salt Lake City, for
respondent.

ELLETT, Justice:

In this case the State, in widening and
improving its highway, took a 37-foot strip
of defendants' land, thereby causing the
traffic to be nearer to the defendants' home

than had formerly been the case. Article I, Sec. 22, of the Utah Constitution provides that private property shall not be taken *or damaged* for public use without just compensation. The statute implementing this constitutional provision, Sec. 78–34–10, U.C.A. 1953, insofar as material herein reads as follows:

The court, jury or referee must hear such legal evidence as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess:

(1) The value of the property sought to be condemned and all improvements thereon appertaining to the realty, and of each and every separate estate or interest therein; and if it consists of different parcels, the value of each parcel and of each estate or interest therein shall be separately assessed.

(2) If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the construction of the improvement in the manner proposed by the plaintiff.

(3) If the property, though no part thereof is taken, will be damaged by the construction of the proposed improvement, the amount of such damages.

The trial court found the value of the land taken to be $750, and no complaint is made of that finding. It also found that the damages accruing to the land not taken occasioned by the severance of a part thereof and the damages to the house caused by the construction of the improvement were $3200, and no complaint is made of that finding. However, the court found that the remaining land of the defendants was further depreciated in the sum of $3,896 for greater traffic noises due to the fact that the travel portion of the improved highway is now closer to the residence of the defendants than was formerly the case. The court disallowed this item of damage upon the grounds and for the reason that such damage is not special, unique and peculiar to the property of the defendants. This appeal is from that portion of the ruling.

It will be noticed that the statute above set out gives a landowner whose land is taken in part the damages which will accrue to the land not taken by reason of its severance and by reason of the improvement in the manner proposed by the plaintiff. In this case it is neither the damage occasioned by the construction of the improvement nor the severance of the land which caused these defendants to feel aggrieved, but rather it is the failure to recover the damages occasioned by the noise of the traffic which prompted the appeal.

All damages not caused by the taking or the severing of the land or the man-

ner of the construction of the improvement are consequential and not within the protection of the constitutional provision unless they are such as would be actionable at common law or would affect the land physically. Our court has spoken upon this matter on several occasions.

In the case of Twenty-second Corporation, etc. v. Oregon Short Line Railroad, 36 Utah 238, 103 P. 243, 23 L.R.A.,N.S., 860 (1909), the owner of a church sued the railroad company for damages caused to its property because of the noise of trains and switch engines on tracks nearby. At page 247 of the Utah Reports, page 246 of 103 P. this court said:

> * * * It seems to us, however, that the clause in the Constitution that private property shall not be taken nor damaged clearly means that some physical injury or damage to the property itself shall be committed, and does not include something which merely affects the senses of the persons who use the property. To obtain relief for the latter consequences in a case of nuisance, no constitutional nor statutory enactment was necessary. Indeed, counsel for respondent, in effect, concede this on page 16 of their brief, where it is said: "Respondent in this case has never contended that the constitutional provision heretofore referred to, 'that private property shall not be taken or damaged for public purposes without just compensation,' creates any

new right." If this be so, then, in order to bring the case within the damage clause of the Constitution, there must be some physical interference with the property itself or with some easement which constitutes an appurtenant thereto * * Buildings and property may be physically affected by jarring or by the throwing of cinders or ashes thereon in considerable or large quantities, and possibly otherwise; but it is not easy to perceive how property or buildings of any kind can be physically injured by mere noises, however disagreeable or "humiliating" they might be to the occupants of the property. Such noises, no doubt, can become a disturbance and an annoyance to all those who for any purpose may have occasion to go upon, or with others make some use of, certain buildings or property; but the effect would be to or upon the sensibilities of such persons, and not to or upon the property as such.

In the above case no land had been taken, but the Constitution makes no distinction between taking and damaging of land when it is done for a public purpose. The State was not a party thereto, and so the suit for damages was brought directly against the railroad company, but the law there stated is applicable to this case.

A later case is that of Board of Education, etc. v. Croft, 13 Utah 2d 310, 373 P.2d 697 (1962). Some land of the defendants in that case was condemned for the purpose

of constructing a junior high school. The jury awarded $8,750 for the land taken, $204 as severance damages, and $4,000 damages to the remaining land because of the construction and maintenance of the school. In reversing the trial court as to the $4,000 item, this court at pages 313 and 314 of the Utah Reports, page 699 of 373 P.2d said:

Damages to land, by the construction of a public or industrial improvement, though no part thereof is taken as provided for under 78–34–10(3), contrary to the rule for severance damages, is limited to injuries that would be actionable at common law, or where there has been some physical disturbance of a right, either public or private, which the owner enjoys in connection with his property and which gives it additional value, and which causes him to sustain a special damage with respect to his property in excess of that sustained by the public generally. It requires a definite physical injury cognizable to the senses with a perceptible effect on the present market value: such as drying up wells and springs, destroying lateral supports, preventing surface waters from running off adjacent lands or running surface waters onto adjacent lands, or the depositing of cinders and other foreign materials on neighboring lands by the permanent operation of the business or improvement established on the adjoining lands.

 We think the trial court was correct in disallowing the damage based upon diminution in value because of noise.

The judgment of the trial court is affirmed. Because it appears that this is a test case brought to clarify our law, it is ordered that each party bear its own costs.

CROCKETT, C. J., and CALLISTER, TUCKETT, and HENRIOD, JJ., concur.