487 P.2d 857

**STATE ROAD COMMISSION, Plaintiff and Appellant,**

v.

**Walter C. ROHAN et al., Defendants and Respondents.**

No. 12216.

Supreme Court of Utah.

July 27, 1971.

Vernon B. Romney, Atty. Gen., John S. McAllister, Stephen C. Ward, Asst. Attys. Gen., Salt Lake City for plaintiff-appellant.

Jack Fairclough, Salt Lake City for defendants-respondents.

CROCKETT, Justice:

The State Road Commission, in eminent domain proceeding, took about one fifth (2,000 square feet) from the rear of a 10,000-square-foot residential lot of the defendants located near 33d South and Wasatch Boulevard in Salt Lake City to accommodate a new freeway. Upon plenary trial a jury fixed damages in the sum of $4,200 which is well within the defendants'

expert testimony. The Road Commission appeals contending that it was error to allow defendants' expert, in appraising the decrease in value to the remaining property, to consider noise from the new freeway.

There is no dispute about the fact that the owner of property which is taken for a public use is entitled to "just compensation" for the property taken;[1] nor that he is further entitled to severance damages, that is, "the damages which will accrue to the portion not * * * [taken] * * * by reason of its severance from the portion * * * [taken] * * * and the construction of the improvement * * *."[2]

The rule as generally recognized is that the amount awarded for the property taken should be its fair market value; and that the severance damage should be the difference between the market value of the property before as compared with after the taking, and the construction of the improvement.[3] The parties have not voiced any disagreement about the accuracy of the foregoing statements.

The problem here presented, arising from the Road Commission's contention that it was improper to permit the defendants' expert to take into consideration and testify concerning diminution in value because of increased noise from the new highway, is

1. Art. I, Sec. 22, Utah Constitution.

2. Sec. 78-34-10(2), U.C.A. 1953.

3. See Nichols, Eminent Domain, Sec. 8.6204 (3d Ed.).

based on rulings in certain of our cases that "consequential" damages, or what perhaps could be more aptly described as "remote" damages, are not recoverable.[4] It is reasoned that if damages could be recovered for any asserted lessening of value of property claimed to be attributable to a public improvement, almost insuperable difficulties would arise: in determining how far away from such public improvement the effect of such inconvenience or annoyance would extend to a measurable degree upon the property, and upon its uses, real, potential or imagined, and in arriving at the proper amount of compensation for claimed diminution in values. Added to this is the fact that the multiplicity of such claims, and the responsibility of seeing that they are adjudicated and paid, would place such burdens upon the public entities involved, and upon the courts, as to seriously curtail, or in many instances entirely prevent, the making of needed public improvements.

It is from a consideration of all of the foregoing factors, together with the necessity and desirability of seeing to it that there is a practical means for the creation and maintenance of such facilities, that under our law and previous adjudications it is not now open to question that it would be improper to segregate out and evaluate as a *separate item* of damage any such intangible factor as noise.

The principle just stated is well illustrated in Jordan v. Utah Ry. Co.,[5] cited and relied upon by the plaintiff. That is a very good case to point out what we regard as a valid distinction between the correct application of the basic rule we have discussed above, and plaintiff's attempt to apply it to the instant situation. There recovery of damages was allowed for smoke and cinders impelled upon the plaintiff's home by passing trains, but damages for noise were disallowed. It was pointed out that the former were physical harms which impinged directly upon the plaintiff's home. Whereas, the noise from the trains was something of an intangible nature such that there was no physical impact upon the plaintiff's property, but rather pervaded all of the property in the area, and that for the annoyance of that character, not being peculiar and special to the plaintiff, no recovery could be allowed.

Another case cited by plaintiff which deserves comment is State By and Through State Road Commission v. Williams.[6]

---

4. See Twenty-Second Corp., etc. v. Oregon Short Line R. Co., 36 Utah 238, 103 P. 243; Robinett v. Price, 74 Utah 512, 280 P. 736; State by State Road Comm. v. Rozzelle, 101 Utah 464, 120 P.2d 276; Springville Banking Co. v. Burton, 10 Utah 2d 100, 349 P.2d 157; Fairclough v. Salt Lake County, 10 Utah 2d 417, 354 P.2d 105.

5. 47 Utah 519, 156 P. 939.

6. 22 Utah 2d 331, 452 P.2d 881.

There the value of the land taken was fixed at $750, the severance damage to the home at $3,200, and that there was a further depreciation in the sum of $3,900 because of noise from traffic on the new highway closer to the home. However, based on the reasoning of the Jordan case just referred to, the trial court ruled that the latter could not be allowed as an *isolated* and *separate* item of damage. We affirmed. Whatever impression may be gained from language excerpted from the total context of that decision, the thrust of its rationale is not intended to be any different than we declare herein: that there should not be any attempt to isolate and appraise as a separate item of damage any loss of value due to noise or any other such intangible factor; and this is true even where there has been an actual taking of property. Any such attempt to so segregate and place a separate money value on the effect the factor of noise would have upon property would inevitably involve the uncertainty and impracticability above referred to in this decision. This should not be done either for the purpose of making an award of a separate item of damage, as was dealt with in the Williams case, nor for the purpose of fixing a separate amount to be deducted from the severance damage to the remaining property as plaintiff contends here.

On the other hand, in order to correctly evaluate the severance damages, i. e., the damage to the remaining property, it is obvious that it should be viewed in the composite as it will be after the taking and after the improvement has been constructed. In making the appraisal, it is not only permissible but necessary to consider all of the facts and circumstances that a prudent and willing buyer and seller, with knowledge of the facts, would take into account in arriving at its market value.[7] The testimony of the defendant's expert which is here under attack indicates that he conformed to that formula. He properly and candidly included the facts that the new freeway adjacent to the property, with the attendant increase in traffic and noises, were among the factors considered in making his appraisal. But there was no attempt to segregate and place a separate money value thereon. We think the trial court was well advised in admitting his testimony and that no prejudicial error was committed.

Affirmed. Costs to defendants (respondents).

TUCKETT, J., concurs.

ELLETT, Justice (concurring):

I concur, but in view of the dissent filed herein, I wish to add that I do not retreat

---

7. State By and Through State Road Comm. v. Wood, 22 Utah 2d 317, 452 P.2d 872.

from the holding in the case of State By and Through State Road Comm. v. Williams.[1] That case held that one could not recover damages because of noise. The instant opinion is not to the contrary.

In the Williams case the judge, as trier of the facts, found and allowed severance damages in the sum of $3,200. This item included diminution in market value of the land not taken due to the severance of a part of the land and to the construction of the improvement. He allowed nothing for noise as a separate factor, and we affirmed.

Naturally, market value will reflect the effect of noise, vibration, dust, odors, etc.; and insofar as severance damages are concerned, they are factors which are bound to have an influence on what a willing buyer will pay.

Just compensation for land taken under eminent domain proceedings requires that the landowner be made whole from a financial point of view. That is, he should be paid the fair market value of the land taken and for any diminution in the fair market value of the remaining land due to the severance of the part taken and the construction of the improvement. In other words, he should recover for the land taken and for diminution in the fair market value of the remaining land.

In the instant matter an expert witness gave his opinion as to the fair market value

of the remaining land. On cross-examination he was asked if he considered noise as a factor in arriving at his opinion. He answered that he did. It is upon that answer that appellant seeks a reversal of the judgment of the trial court.

This court has never held that noise as such was compensable in condemnation matters, but it has always allowed damages for diminution in market value caused by severance of a part of the land and by the construction of the improvement made.

The improvements made might benefit the remaining land to such an extent that the fair market value thereof would exceed the fair market value of the total tract before the taking. In such a case, the statute[2] provides that just compensation requires that the owner be paid only for the land actually taken. The fair market value of land in all cases is an essential factor to be considered in arriving at a proper amount to allow by way of damages in condemnation cases. That was done in the instant matter, and in my opinion the judgment should be affirmed.

HENRIOD, Justice (dissenting):

I respectfully dissent. This case is practically identical to State By and Through State Road Commission v. Williams which we recently decided in 22 Utah 2d 331, 452 P.2d 881 (1969), wherein I thought we

[1]. 22 Utah 2d 331, 452, P.2d 881 (1969).

[2]. Sec. 78-34-10(4), U.C.A. 1953.

made it crystal clear that noise does not damage the realty, but only the eardrums, and merely represents consequential damages and hence not a factor in determining compensability in eminent domain cases. The instant case says it *is* such a factor when it permits an appraiser to take into consideration a noncompensable item such as noise in his appraisal of damage to the land itself. The instant case, although quoting it, flies in the teeth of the Williams case and its reasoning, in my opinion, and effectively destroys what I thought was its basic concept, opening up a Pandora's Box for recovery of consequential damages. There is absolutely no reason why noise cannot now represent 25 per cent or 50 per cent of the compensable damages.

Since penning the above paragraph, Mr. Justice Ellett has jerked the rug out from under me with respect to my understanding of the Williams case. In an opinion concurring with the main opinion here, he says he does not retreat from the Williams case, but later on says that "market value will reflect the effect of noise, [etc.] * * *" and they "are factors which are bound to have an influence on what a willing buyer will pay," and that the condemnee "should be paid the fair market value of the land taken *and for any diminution* in the fair market value of the remaining land."

This all sounds to me like noise is compensable if it is a factor in determining fair market value *after* the taking, in light of the established principle that damages in eminent domain cases is the difference between the fair market value *before* the taking and the fair market value *after* the taking.

As I see it, both the author of the main opinion and Mr. Justice Ellett are saying that "noise is a factor in determining fair market value and hence compensable,—but we have to say that it isn't compensable for the record."

The trick is for the condemnee's attorney to have his appraiser testify about the noise, whence the noise factor becomes compensable, and make sure not to talk about or ask for noise damages as a "separate factor."

The seeming inconsistency and illogic of the main opinion and Mr. Justice Ellett's concurrence drive me up the drapes or my slide rule is bent.

CALLISTER, C. J., concurs in the dissenting opinion of HENRIOD, J.