503 P.2d 141

STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,

v.

Walter C. ROHAN and Ella E. Rohan, his wife, and Medallion Mortgage Company, Defendants and Respondents.

No. 12796.

Supreme Court of Utah.

Nov. 14, 1972.

---

Vernon B. Romney, Atty. Gen., John S. McAllister, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Jack Fairclough, Salt Lake City, for defendants and respondents.

CALLISTER, Chief Justice:

Plaintiff appeals from an order of the trial court granting defendants' motion for recomputation of interest on a judgment.

Plaintiff filed a complaint to condemn a portion of defendants' real property for highway purposes. Contained in the pleading was the condemnation resolution of the State Road Commission, wherein it was specified that a warrant be prepared in a sum equal to 75 per cent of the appraised value of the land, that the payee of the warrant be the clerk of the court for the use and benefit of the land owner and/or lien holder; and that tender of this amount should be made prior to the issuance of an Order of Immediate Occupancy. The complaint recited that the sum of $1165 was to be tendered to defendants at the time the order was granted. Accompanying the complaint was a motion for an order of Immediate Occupancy; the pleadings were filed October 23, 1968; and the motion contained a notice for a hearing on November 1.

Upon hearing, the motion was granted, and an order of immediate occupancy was issued, which provided that the order would not be effective until the plaintiff had deposited with the clerk of the court, for the use and benefit of the defendants, a sum equal to 75 per cent of the approved appraisal of the defendants' property to be acquired. It was further ordered that upon receipt of said money, the clerk of the court was to remit the same to the appropriate defendants in the percentage and ratio to which they were entitled. The record indicates that a warrant for $1165 was issued by the State Road Commission on October 22, 1968. A receipt for said warrant was issued by the Salt Lake County Clerk on November 15, 1968. The County Treasurer's Office issued a receipt for the money on December 2, 1968; a letter accompanying this receipt recited that the deposit represented a court tender in a civil action,

and that the same was to be held, pending further order of the court.

Defendants had filed an answer, alleging that the fair market value of the condemned parcel was considerably in excess of the appraised value claimed by plaintiff. This issue was tried before a jury, and a judgment based on their verdict was rendered July 21, 1970. The award was for a sum of $4200, and judgment was entered for this amount less the sum of $1165, which had heretofore been advanced to defendants and deposited on October 24, 1968, which left an unpaid balance of $3035, together with interest on the unpaid portion at the rate of 8 per cent per annum from and after the 24th of October, 1968, until paid. Plaintiff appealed from this judgment, which was affirmed by this court.[1] Thereafter, a satisfaction of judgment was entered October 13, 1971, contained therein was an acknowledgment of full satisfaction of the judgment on the verdict entered July 21, 1970, together with the interest allowed by law. A final order of condemnation was entered October 17, 1971, provided therein was a recital that plaintiff had paid all that was required by law and order of the court.

Defendants filed a motion for recomputation of interest on the judgment on December 15, 1971. Defendants claimed additional interest in the amount of $279.60, which they asserted was due and owing on the $1165 deposit. Defendants predicated their claim for additional interest on the ground that they had received no notice of the deposit. They cited the fact that they had never received notice or a copy of the order of immediate occupancy, wherein it was provided that its effectiveness was contingent on the deposit with the clerk of the court. The trial court ruled that by reason of plaintiff's failure to file properly necessary documents and to notify defendants of the deposit for their use and benefit on or about October 24, 1968, defendants were entitled to interest on the deposit.

The relevant provisions of Sec. 78–34–9, U.C.A.1953, as amended 1967, specify:

. . . If the motion [to occupy the premises] is granted, the court or judge shall enter its order requiring the plaintiff as a condition precedent to occupancy to file with the clerk of the court a sum equivalent to at least 75% of the condemning authority's appraised valuation of the property sought to be condemned . . . The rights of just compensation . . . shall be ascertained and awarded as provided in section 78–34–10 and established by judgment therein, and the said judgment shall include, as part of the just compensation awarded, interest at the rate of 8% per

---

1. 26 Utah 2d 202, 487 P.2d 857 (1971).

annum on the amount finally awarded as the value of the property and damages, from the date of taking actual possession thereof by the plaintiff or order of occupancy, whichever is earlier, to the date of judgment; *but interest shall not be allowed on so much thereof as shall have been paid into court. Upon the application of the parties* in interest, *the court shall order that the money deposited in the court be paid forthwith* for or on account of the just compensation to be awarded in the proceeding. A payment to a defendant as aforesaid shall be held to be an abandonment by such defendant of all defenses excepting his claim for greater compensation . . . [Emphasis added]

From the pleadings and the statutory provisions, defendants had notice that as a condition precedent to an order of immediate occupancy, a deposit must be paid into the court. Defendants do not deny notice of the hearing of the motion or that it was granted; they merely assert that they did not receive a copy of the order, which was duly filed. Defendants had sufficient notice to impose upon them a duty of inquiry as to whether the requisite deposit had, in fact, been made.

■ Section 78–34–9 does not provide that any formal notification of the deposit be made, but it does specify that no interest shall be allowed on the amount paid into *court.* According to the statute, if the interested parties desire disbursement of the money so deposited with the court, an application should be made to the court. Furthermore, a payment of this deposit to a defendant constitutes an abandonment of all defenses except his claim for greater compensation. Under the statute, the defendant must take certain affirmative actions to be paid the money deposited; otherwise, the provisions of the statute are fulfilled upon deposit of the requisite sum with the court. In the instant action, under the express provisions of Section 78–34–9, U.C.A.1953 as amended 1967, no interest should be allowed from the time the deposit was paid into the court. Plaintiff fully complied with the statute upon making the deposit, and it had no duty of formal notification to the defendants, and the trial court erred in so holding.

■ In addition, the judgment entered on the jury verdict, specified that interest would be paid only on the unpaid balance of the award. Defendants did not make any motion to correct this alleged error; and, upon plaintiff's appeal of this judgment, defendants did not cross appeal.

Upon affirmance and remand of this case, defendants entered a satisfaction of judgment on the verdict entered July 21, 1970. From the time the initial judgment was rendered, defendants had ample opportunity to correct the alleged error; orderly procedure required that they do so in order

to bring the controversy to a final settlement.[2]

The order of the trial court is reversed. No costs awarded.

TUCKETT, ELLETT, HENRIOD and CROCKETT, JJ., concur.

.2.  See Smith v. De Niro, 28 Utah 2d 259, 501 P.2d 265 (1972).