UTAH DEPARTMENT OF TRANSPORTATION, Plaintiff and Respondent,

v.

John D'AMBROSIO and Mable D'Ambrosio, his wife, and Joseph Cha and Marion Cha, his wife, Defendants and Appellants.

No. 19271.

Supreme Court of Utah.

Sept. 30, 1987.

---

S.V. Litizzette, Helper, and Brant H. Wall, Salt Lake City, for defendants and appellants.

David L. Wilkinson and Stephen C. Ward, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendants appeal the denial of what they term "severance damages" in a condemnation proceeding.

Defendants John and Mable D'Ambrosio and Joseph and Marion Cha owned residential lots near Price, Utah. Abutting their lots was a .10–acre tract owned in part by the D'Ambrosios and in part by third persons not parties to this action. A private gravelled access road ran over this small tract to the lots. Both the D'Ambrosios and the Chas held easements to use this road to access their respective lots from the public highway. In the course of acquiring property for the Blue Cut highway extension east of Price, plaintiff Department of Transportation sought condemnation of the .10–acre lot, referred to in the condemnation proceeding and hereafter in this opinion as parcel 69:a. No portion of defendants' residential lots was taken.

Plaintiff moved for summary judgment on the issue of whether defendants were entitled to damages caused by construction of the highway and its proximity to their residential lots. The trial court ruled that the damages defendants were seeking were consequential in nature, not stemming from any taking of defendants' residential lots, but rather damages suffered generally by all landowners in the area whose property was not taken.

Defendants moved the court to reconsider its ruling since it was made on the assumption that defendants held only easements over parcel 69:a and it was discovered that the D'Ambrosios owned a large fraction of the fee title to the property. On reconsideration, the trial court affirmed its original order holding the damages sought to be consequential in nature. However, it specifically allowed defendants to put on evidence of any damages that they would suffer, not as a result of the building of the highway in general, but as a direct result of the taking of parcel 69:a and the change in their access from a private road to a public road. (The State replaced the private gravelled road with a paved public road.)

Immediately prior to the scheduled trial, defendants entered into a stipulated settlement that awarded them $1,000 for the value of the land taken and the damages occasioned by the change in the accessway from a private road to a public road. Defendants specifically reserved the right to appeal the trial court's prior ruling, which they now claim denied them severance damages.

The general rule is that damages attributable to the taking of others' property and the construction of improvements thereon are not compensable. *Campbell v. United States*, 266 U.S. 368, 45 S.Ct. 115, 69 L.Ed. 328 (1924); *see generally Annot.*, 59 A.L.R.3d 488, 499, 503 (1974). Such damages suffered generally by all the

property owners in the area are deemed consequential. *See State Road Commission v. Stanger*, 21 Utah 2d 185, 442 P.2d 941 (1968).

██ Severance damages are those caused by the taking of a portion of the parcel of property where the taking or the construction of the improvement *on that part* causes injury to that portion of the parcel not taken. *Id.*

██ The damages sought by defendants were due to the construction of the highway and its proximity to their residential property. These damages were not occasioned by the taking of parcel 69:a and are not different in nature from the damages suffered from all other property owners in the area whose property was not taken. Such damages were originally identified by defendants as consequential in nature. This characterization was correct. The trial court did not err in limiting defendants to proving only the value of the land taken (parcel 69:a) and the damages they would suffer as a result of that taking and the change in their access from a private roadway to a public one. Any severance damages that defendants might have been entitled to prove would have to be occasioned by this change made to the roadway over parcel 69:a, not from construction of the highway in general. *See State by State Road Commission v. Rozzelle*, 101 Utah 464, 120 P.2d 276 (1941).

The trial court's ruling to that effect was not error.

Affirmed.

HALL, C.J., STEWART, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.