No. 90-160

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

SOUTH GALLATIN LAND CORPORATION,
a Montana Corporation,

     Plaintiff and Respondent,

-vs-

GERALD P. YETTER,

     Defendant and Appellant.

FILED

NOV 15 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

    Allen L. McAlear, Bozeman, Montana

    For Respondent:

    J. Robert Planalp; Landoe, Brown, Planalp & Kommers,
Bozeman, Montana

Submitted on Briefs: October 11, 1990

Decided: November 15, 1990

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

In 1984 South Gallatin Land Corporation petitioned the Eighteenth Judicial District Court, Gallatin County, for a declaratory judgment to close a real estate contract transaction. The court bifurcated the counterclaims of defendant, Gerald P. Yetter, from the declaratory judgment action. The parties stipulated to a compromise, reviewed by the court, which entered judgment January 6, 1986, in favor of South Gallatin. Yetter appealed a subsequent order of the District Court, and this Court dismissed his appeal on April 23, 1987. Yetter filed further motions which were dismissed for lack of jurisdiction. On December 19, 1989, the District Court, because of lack of jurisdiction, dismissed defendant's motions to allow additional counterclaims and to compel discovery. From this order, Yetter appeals. We affirm.

The parties present the following issues:

1. Can bifurcated counterclaims be disposed of without a hearing?

2. Did the District Court err in denying permission to file a supplemental counterclaim on the ground that the court lacked jurisdiction?

3. Should this appeal be dismissed because the appeal was not timely filed?

South Gallatin Land Corporation's predecessor in interest, Randolph S. White, agreed to purchase real estate from Gerald P. Yetter, as evidenced by an Agreement for Sale and Purchase of Real Property signed June 30, 1982. After White's interest was assigned

2

to South Gallatin Land Corporation, Yetter refused to accept payment and tried to back out of the transaction. South Gallatin petitioned the District Court for a declaratory judgment clarifying the rights of the parties.

In his answer to South Gallatin's petition, Yetter counterclaimed for damages, alleging claims which he characterized as "bad faith." South Gallatin moved to bifurcate the bad faith claims on the basis that "a decision in favor of the Plaintiff would terminate any right the Defendant had to the counterclaim he alleges against this Plaintiff." During a December 24, 1984, hearing, the court granted the motion to bifurcate the counterclaims.

After a two-day hearing in November 1985, the parties agreed in writing to abide by the Agreement for Sale, with certain changes stipulated to by the parties. The court found that South Gallatin had not breached the Agreement for Sale and was not in default in performance of the contract. The court stated that it had examined the stipulation between the parties and ordered that portions of the stipulation constitute an amendment to the contract.

Yetter still refused to complete the closing, and on August 19, 1986, the District Court ordered the public administrator to sign the necessary deeds and other papers. The court further ordered that "neither interest nor time for computation of annual payments shall commence unless the Defendant acknowledges and receives the balance of the purchase price."

On September 4, 1986, Yetter appealed that order and "from the previous Orders entered in the case which refused to dismiss the

3

case or to require the Plaintiff to tender or pay deposit in court, the balance of the down payment and annual payments and interest in the contract and, from the Order denying Summary Judgment to the Defendant." This Court dismissed Yetter's appeal on the ground that since the order from which Yetter appealed had been performed, a controversy no longer existed.

On October 13, 1987, Yetter moved for substitution of another judge in the case. Although Judge Gary found the motion to be "untimely and improperly made," he elected to recuse himself. On November 15, 1988, Yetter moved for payment of real estate taxes and delinquent payments. South Gallatin asserted that the corporation was complying with the court's August 19, 1986, order because Yetter refused to acknowledge receipt of the balance of the down payment. The District Court dismissed Yetter's motions on the basis that the court lacked jurisdiction.

Yetter then moved to amend the counterclaims originally filed in the action and to compel discovery. Two orders were entered denying these last motions, one on December 19, 1989, and one on January 18, 1990. Both orders denied the motions on the same ground: the District Court's lack of jurisdiction since the litigation was effectively terminated by this Court's dismissal of Yetter's first appeal. From the court's denial of the motion to amend counterclaims, Yetter appeals.

I

Can bifurcated counterclaims be disposed of without a hearing?

Separate or bifurcated trials can be ordered by a district

4

court pursuant to Rule 42(b), M.R.Civ.P.:

> The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

Rule 42(b) is essentially the same as Rule 42(b) of the Federal Rules of Civil Procedure, except the federal rule provides that separate trials shall always preserve "inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States." In 1966 the federal rule was amended by adding a condition or ground for a grant of separate trials: "when separate trials will be conducive to expedition and economy." F.R.Civ.P., 42(b); 9 C. Wright & A. Miller, Federal Practice and Procedure § 2381 (1971). However, no difference in result exists between the federal rule and its Montana counterpart when an order for a separate trial is considered. State ex rel. Fitzgerald v. District Court (1985), 217 Mont. 106, 116, 703 P.2d 148, 155.

Yetter argues that his counterclaims, which were bifurcated and reserved for trial by jury, were never addressed by the district court. Often the reason for separate trials pursuant to Rule 42(b) is that one issue may be dispositive of other claims in the case, as noted by Wright & Miller in their discussion of Rule 42(b), F.R.Civ.P.:

> If a single issue could be dispositive of the case, and resolution of it might make it unnecessary to try the other issues, separate trial of that issue may be desirable to save the time of the court and reduce the expenses of the parties.

5

9 C. Wright & A. Miller, supra § 2388, at 280. In this case, the parties entered into a compromise agreement regarding the contract, and the court, after reviewing the stipulation, entered final judgment. The Stipulation Pursuant to Judgment provides:

> That upon payment as decreed then the action shall be dismissed and the parties will be governed by this stipulation and decree and by the contract where it has not been modified and that contract is hereby confirmed and satisfied.

A compromise agreement, when the basis for a final judgment, bars all preexisting claims and causes of action. Robinson v. First Security Bank of Big Timber (1986), 224 Mont. 138, 141, 728 P.2d 428, 430. By signing the stipulation, Yetter waived any further claims of breach of contract occurring prior to judgment, including bad faith claims or breach of the implied covenant of good faith and fair dealing. Thus, the settlement of the declaratory action was dispositive of Yetter's counterclaims, and a hearing was unnecessary.


II

Did the District Court err in denying permission to file a supplemental counterclaim on the ground that the court lacked jurisdiction?

The Stipulation Pursuant to Judgment was signed December 31, 1985, and final judgment was entered January 6, 1986. Yetter's appeal of the District Court's post-judgment order to the public administrator to complete the closing of the real estate contract was dismissed by this Court April 23, 1987. Yetter filed the

6

motion to amend his counterclaims on June 28, 1989. Yetter may not, two years after this Court's dismissal of his appeal and more than three years after entry of final judgment, attempt to revive the action by amending his counterclaims.

A dismissal of an appeal is made with prejudice:

> The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal.

Rule 12, M.R.App.P. Where an appellate court has unqualifiedly affirmed a judgment of the trial court, no further or successive appeals can be allowed. The appellate court's decision settles the law and must be applied in all subsequent stages of the case, as well as being res judicata in other actions as to each matter adjudicated. Gray v. Bohart (1957), 131 Mont. 522, 524, 312 P.2d 529, 530-31. This Court's dismissal of Yetter's appeal ended the litigation.

Even if this Court's dismissal of Yetter's first appeal is characterized as ruling solely on the August 19, 1986, order of the District Court, the time for appeal of the final judgment or other orders in this action has long since passed. We find that the District Court did not err in dismissing Yetter's motion for lack of jurisdiction.


III

Should this appeal be dismissed because the appeal was not timely filed?

The District Court entered two orders denying Yetter's motion.

Appeal from the first order would be untimely. However, we need not decide this issue since we affirm the District Court's dismissal of the motions for lack of jurisdiction.

## IV

In sum, the numerous motions which Yetter's counsel has made in district court after judgment had been entered were improper and unnecessary, and this appeal of the latest dismissal entirely without merit and contrary to established principles of legal procedure. Such actions constitute an abuse of the judicial system. Appellant is attempting to re-litigate an issue to which he twice agreed, once when he entered into the Agreement for Sale, and again when he signed the Stipulation Pursuant to Judgment. This suit was initiated six years ago. As we have previously stated, "It is important for the sake of the litigants and for the judicial system that litigation will at some time be finally ended." Lussy v. Dye (1985), 215 Mont. 90, 93, 695 P.2d 465, 466.

When an appeal is taken without substantial or reasonable grounds, we conclude that sanctions are appropriate. Searight v. Cimino (1989), 238 Mont. 218, 223, 777 P.2d 335. Pursuant to Rule 32, M.R.App.P., we therefore impose damages on counsel for appellant in the amount of $500 to be paid to respondent.

Affirmed.

_____
Justice

We concur:

_J. A. Turnage_
Chief Justice

_[signature]_

_William E. Hunt_

_R. C. McDonough_
Justices