Robert J. DeBRY and Joan DeBry,
Plaintiffs and Appellants,

v.

CASCADE ENTERPRISES, Cascade Con-
struction, Del K. Bartel, Dale Thurgood,
and Lee A. Bartel, Defendants and Ap-
pellees.

Nos. 950079, 950154.

Supreme Court of Utah.

Feb. 7, 1997.

Rehearing Denied April 2, 1997.

Edward T. Wells, J. Jordan Christianson,
West Valley, for plaintiffs and appellants.

Del K. Bartel and Dale Thurgood, pro se.

STEWART, Associate Chief Justice:

Plaintiffs Robert J. and Joan DeBry ap-
peal for the second time in this case.  The

first appeal was from a judgment entered on a jury verdict. Our decision on that appeal, *DeBry v. Cascade Enterprises*, 879 P.2d 1353 (Utah 1994) (*DeBry I* ), affirmed in part and reversed in part a judgment in favor of the DeBrys for breach of contract and breach of warranty, affirmed a judgment in favor of defendants Del K. Bartel and Dale Thurgood for the DeBrys' failure to pay a promissory note, and reversed a judgment in favor of all defendants for fraud. On remand to the district court following our decision in *DeBry I*, the district court modified its judgments as required by our decision and order of remand. On the present appeal, the DeBrys contend that the district court erred in not deducting a judgment in favor of the DeBrys from a judgment on a promissory note in favor of Del K. Bartel and Dale Thurgood, who, together with Lee A. Bartel, are partners in defendants Cascade Enterprises and Cascade Construction. Interest on the promissory note ran at a higher rate and from an earlier date than the statutory postjudgment rate of interest on the DeBrys' judgment. The DeBrys argue that the district court erred in not ordering interest at the rate specified in the note to run on the reduced offset balance.

## I. FACTS: PRIOR PROCEEDINGS

Our prior opinion sets out the facts of the case in detail. We adumbrate the facts here only insofar as they are necessary to understand the issues on this appeal. The DeBrys purchased an office building from Cascade Enterprises in 1985. They filed suit against Cascade and the other defendants in January 1986 for damages for alleged defects in the building. Defendants counterclaimed, alleging that the DeBrys had failed to pay a promissory note and had committed fraud.

The case came to trial on May 21, 1990, and the jury returned answers to special interrogatories on June 20, 1990. The jury awarded the DeBrys $52,625, which included $22,625 for repair of general defects and $30,000 for masonry repairs. The jury awarded Del K. Bartel and Dale Thurgood $62,500 plus interest on the DeBrys' promissory note to them, and although the jury did not award defendants any compensatory damages on their fraud counterclaim, it did award them $125,000 as punitive damages for fraud. On June 4, 1991, the district court entered judgments on each of the four awards, including interest on each award. The court assessed the twelve percent per annum statutory interest rate then in effect for postjudgment motions on the $22,625 and $30,000 judgments in favor of DeBry and on the $125,000 punitive damage award in favor of Cascade. *See* Utah Code Ann. § 15-1-4 (1986). The interest awarded on all three of these judgments was to run from the date of the verdict.[1] With respect to the $62,500 awarded Bartel and Thurgood on the promissory note, the court assessed prejudgment interest pursuant to the terms of the note at twelve percent per annum for the period from December 13, 1985, to December 13, 1986, and thereafter at seventeen percent on the resulting balance.

Before judgment was entered, the DeBrys moved to set off the $22,625 and $30,000 DeBry awards against the $62,500 Cascade award on the promissory note, thereby reducing the amount owed on the note. That motion was argued by the parties at a hearing on or about May 5, 1991, and the court denied it. Subsequently, the various awards were set forth in a judgment dated June 4, 1991, that was prepared and submitted to the

---

1. Ordinarily postjudgment interest is imposed as of the date of entry of judgment. Here, however, the trial court ruled that because of the long delay in entering the judgments, interest on these three judgments should run from the date of the verdict. The DeBrys filed numerous post-trial motions contesting the verdicts. They also moved for a new trial, for disqualification of the trial judge, and for a stay of judgment pending compilation of the trial transcript. On August 13, 1990, the trial court entered an order temporarily staying the entry of judgment. In the order, the court stated that pursuant to a stipulation of the parties and except for the interest due Bartel and Thurgood on the promissory note, interest on the other awards would accrue from the date of the verdict. Nearly a year later, the trial court finally resolved the DeBrys' post-trial motions and entered judgments on the verdicts. Neither plaintiffs nor defendants have asserted, in either *DeBry I* or the present appeal, that the trial court erred in assessing postjudgment interest from the date of the verdicts instead of from the date of entry of judgment.

court and defendants by the DeBrys' counsel. The judgment stated:

1(a). Plaintiffs [i.e., the DeBrys] are hereby awarded judgment against the joint defendants jointly and severally in the sum of $22,625, plus interest at 12 percent per annum from June 20, 1990, representing damages from the jury verdict for non-masonry defects.

Paragraph 2(a) of the judgment stated with respect to the award made to Bartel and Thurgood on the promissory note:

Defendants [Bartel and Thurgood] are hereby awarded judgment in the sum of $62,500, *plus interest at the rate of 12 percent per annum from December 13, 1985, to December 13, 1986, and at the rate of 17 percent per annum from December 13, 1986, until paid in full for plaintiffs' failure to honor the terms of the Trust Deed Note.*

(Emphasis added.)

The DeBrys filed a notice of appeal in June 1991, asserting eighteen points of error, but they did not attack the trial court's rulings relating to the rates of interest, the interest accrual dates on the judgments, or the trial court's refusal to order an offset of the DeBrys' judgments against Cascade's judgment on the note.

On the appeal in *DeBry I,* this Court vacated Cascade's $125,000 punitive damage judgment because it was not supported by a compensatory damage award for fraud. 879 P.2d at 1358–59. We also vacated the $30,000 judgment in favor of the DeBrys for masonry defects because that claim had in effect been settled by stipulation prior to trial. We therefore held that the judgment against Cascade for defects in the building should be reduced to $22,625. *Id.* at 1363–64. Finally, we affirmed without modification the judgment in favor of Thurgood and Bartel for $62,500 on the promissory note. In affirming that judgment and in reducing the judgment in favor of the DeBrys for the building defects, we stated:

The judgment for the DeBrys in the amount of $52,625 for defects in the building is reduced by $30,000; the judgment for the defendants on the note for $62,500 plus interest is affirmed; and the judgment against the DeBrys for punitive damages in the amount of $125,000 is vacated.

*Id.* at 1364.

We remanded to the trial court to conform the judgments to our decision. The DeBrys again argued for a setoff and recalculation of interest due on the promissory note. They argued that their remaining $22,625 judgment for building defects should be offset against the $62,500 due on the note, leaving a balance due on the note of $39,875. Interest calculated on the $39,875 balance would amount to $58,624.09 as of November 11, 1994, and when added to the offset balance would result in a total of $98,499.99 due Bartel and Thurgood as of that date. The trial court again refused to set off the awards. In accord with its initial judgment, the court assessed interest of $103,906.30 on the full amount of the $62,500. Thus the principal and interest that was due as of January 18, 1995, totaled $166,406. The trial court's rejection of the DeBrys' motion is the asserted basis for their present appeal.

## II. LACK OF APPEALABILITY

The DeBrys argue that the promissory note must be read in light of the escrow and nonmerger agreement, which, they argue, requires a setoff of the two judgments. They also contend that common law doctrine requires a setoff. Defendants counter that because the DeBrys did not raise the issues of setoff and the proper accrual dates for the commencement of interest to run on the note in their first appeal, they may not raise these issues now. We agree.

The DeBrys contend that we ruled in *DeBry I* that their judgment should be set off against the judgment on the note. This argument is without merit. The DeBrys rely solely on the following language in *DeBry I:*

[O]nce all the disputes in the agreement had been resolved, whether by stipulation or court order, Thurgood and Bartel were entitled to payment on the note, subject to any setoffs.

879 P.2d at 1358.

The argument that we ruled on the setoff issue in *DeBry I* is not only incorrect, it is

frivolous. The above language merely reflects language in the escrow and nonmerger agreements; it was not a holding. Second, the issue of setoff and interest accrual dates was not briefed or argued. We addressed none of the numerous factual and legal subissues necessary to resolve that issue. Our opinion was manifestly clear that the only issue the DeBrys raised relating to the promissory note was whether Thurgood and Bartel had the right to sue on the note when they did not, according to the DeBrys, have possession of the note. In that context, this Court stated, consistent with what the jury found and contrary to the DeBrys' contention, that all the conditions precedent to the assertion of a valid claim on the note had been met and that the DeBrys were therefore liable for the full amount of the note.

■ For two reasons, the DeBrys are not entitled to raise the setoff issue now. First, as stated above, all the issues the DeBrys raise now in this Court were raised, argued, and resolved by the trial court prior to the entry of the initial judgment following the trial. Those issues were ripe for appeal at that time, and the DeBrys' failure to raise them on appeal resulted in a waiver of their right to raise them at a later time. *State ex rel. Road Comm'n v. Rohan*, 28 Utah 2d 375, 503 P.2d 141 (1972); *Smith v. DeNiro*, 28 Utah 2d 259, 501 P.2d 265 (1972). In the interests of judicial economy and stability of judgments, the strong policy of the law requires all contentions of error in trial court proceedings to be presented when an appeal is taken from a final judgment or order so that the trial court's judgments and rulings will not be upset after completion of appellate review.

■ Second, *DeBry I* categorically affirmed, without modification, Thurgood and Bartel's judgment on the note for $62,500. That judgment specified the rates of interest to be assessed and the dates from which interest was to run, but it did not provide for a setoff. The affirmance of that judgment in *DeBry I* necessarily affirmed both the principal amount owed on which interest was to be computed, the rates of interest, and the dates from which the different interest rates were to run.

■ Therefore, on remand from *DeBry I*, the trial court had no authority to modify the judgment this Court had affirmed, except to the extent ordered by this Court and in conformity with its mandate. *Cartwright v. Atlas Chem. Indus. Inc.*, 623 P.2d 606, 610 n. 8 (Okla.1981). An unqualified affirmance is a final determination of the applicable law; it settles the law of the case and precludes further appeals on the issues pertaining to that judgment. *South Gallatin Land Corp. v. Yetter*, 245 Mont. 320, 801 P.2d 575, 578 (1990). Thus, an appellate court's opinion and the mandate it issues define the jurisdiction of the trial court in all further proceedings. *In re Adoption of BBC*, 849 P.2d 769, 772 (Wyo.1993). The affirmance of a judgment precludes a further attack on that judgment in a subsequent appeal. *Corbett v. Fitzgerald*, 709 P.2d 384, 386 (Utah 1985).

### III. SANCTIONS

Cascade requests damages for a frivolous appeal under Rule 33 of the Utah Rules of Appellate Procedure. Rule 33 provides:

(a) **Damages for delay or frivolous appeal.** Except in a first appeal of right in a criminal case, if the court determines that a motion made or appeal taken under these rules is either frivolous or for delay, it shall award just damages, which may include single or double costs, as defined in Rule 34, and/or reasonable attorney fees, to the prevailing party. The court may order that the damages be paid by the party or by the party's attorney.

(b) **Definitions.** For the purposes of these rules, a frivolous appeal, motion, brief, or other paper is one that is not grounded in fact, not warranted by existing law, or not based on a good faith argument to extend, modify, or reverse existing law. An appeal, motion, brief, or other paper interposed for the purpose of delay is one interposed for any improper purpose such as to harass, cause needless increase in the cost of litigation, or gain time that will benefit only the party filing the appeal, motion, brief, or other paper.

Thurgood and Bartel argue:

Despite plaintiffs' attempts to manufacture appealable issues in this action, there is

simply no question that this filing meets the criteria as defined under Rule 33(b), *U.R.A.P.*, identifying a frivolous appeal. Plaintiffs' claims, as described herein, involve a brief that is not grounded in material fact, not warranted by existing law, nor is it based upon a good faith argument to extend, modify or reverse existing law. Under these circumstances, it is obvious that plaintiff/appellants' motivation in making this filing was to deceive the court and is interposed for the purpose of harassing and causing defendant/appellees needless expense in the cost of further litigation. There is simply no question that plaintiff/appellants intentionally left out all reference to the 1991 motion, response, reply, hearing, oral argument, trial court decision and judgment in regard to the issues now raised, in the hope of deceiving this court.

■ Although we have ruled against the DeBrys on the merits, an adverse ruling, by itself, is certainly not grounds for sanctions. This case, however, differs from a run-of-the-mill appeal. Here, the DeBrys have not been forthright in their presentation of the facts relevant to the appealability of the issue they seek to raise. They acted as if the trial court had not rejected, prior to the entry of its initial judgment, the very arguments the DeBrys have belatedly asserted in this appeal; and they have wholly ignored the fact that those arguments could and should have been raised on the prior appeal but were not. The DeBrys' brief treats the setoff issue as if it were raised for the first time in the trial court on remand after the first appeal, even though Cascade's brief specifically referred to the trial court's ruling on the issue prior to the first appeal. Having ignored those facts, the DeBrys have not even addressed the appealability of the setoff issue in light of their prior waiver of that issue. They have cited no authorities that provide a reasonable basis for such an appeal. Moreover, even assuming that an arguable basis for the appeal existed, the DeBrys have failed to analyze the merits of the setoff issue in light of the escrow and nonmerger agreement, the trial court's instructions on that agreement, and the jury's finding that the DeBrys' interference with Cascade Construction's work "made it difficult or impossible for the defen-

dants to perform this work," i.e., the work specified in the trust deed. In addition, they have ignored a number of other issues pertinent to the substantive issue. Accordingly, we hold that the appeal is frivolous and "not warranted in law." As damages under Utah Rule of Appellate Procedure 33, defendants are entitled to an award of double costs and reasonable compensation for the time and labor they have expended defending against the appeal. The amount of compensation shall be determined by the trial court on remand.

The judgment of the trial court is affirmed, and the case is remanded for further proceedings in accordance with this opinion.

ZIMMERMAN, C.J., and HOWE, DURHAM and RUSSON, JJ., concur in Associate Chief Justice STEWART's opinion.