## No. 16,609.

BOXBERGER *v.* STATE HIGHWAY COMMISSION.

(251 P. [2d] 920)

Decided December 8, 1952.   Rehearing denied January 5, 1953.

Mr.ALDEN T. HILL, Mr. RALPH H. COYTE, Mr. ROBERT H. DARDEN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. EDWARD L. HIGBEE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

UNITED STATES HIGHWAY No. 185, more commonly known as the North Washington road from Denver to Cheyenne, intersects state Highway No. 14, running east and west from Fort Collins to Ault. At this intersection a traffic circle has been constructed by the state highway department. Plaintiff in error, to whom we will herein refer as Boxberger, in 1944, acquired a quarter section of land at the northeast corner of this intersection. His land abutted U. S. Highway No. 185 on the west and state Highway No. 14 on the south. It is alleged that on December 4, 1946, the state highway advisory board of the state highway department, to which we will refer as highway department, by resolution approved by the Governor, designated a portion of Highway No. 185 as a "freeway." This designation, according to common usage and statutory provisions, requires limitation of the rights of ingress to, and egress from, adjoining properties, which, under the provisions of the pertinent statute, may be acquired by purchase or condemnation.

In 1947, the state highway department, by a deed of conveyance, acquired a part of Boxberger's right of access to Highway No. 185 and also along state Highway No. 14 on the south. An action filed by Boxberger to

set aside that deed for want of consideration is now pending on remand from this court. *Boxberger v. State Highway Dept.*, 126 Colo. 438, 250 P. (2d) 1007, decided November 17, 1952.

On July 27, 1949, the highway department filed this action to condemn all of the remainder of Boxberger's right of egress from his land to Highway No. 185. In the complaint it is alleged that funds had been allocated for the project, which included relocation, reconstruction, alteration and improvement of a portion of said Highway No. 185; that it was necessary to deny ingress to and egress from the lands of Boxberger; that by virtue of the resolution heretofore mentioned, that a portion of the highway be designated as a "free way" in order to reduce traffic hazards and for other purposes, and for that reason such rights of Boxberger's access be condemned; and that the compensation to be paid, if any, for the rights of access sought to be appropriated and condemned herein, could not be agreed upon between the petitioner and respondent. In this action also, it was sought to condemn certain property and access rights of one Kath, lying across said highway to the west.

Boxberger filed a demand for a separate jury trial from that of the other respondent, Kath, which motion was denied together with Boxberger's motion to dismiss. The highway department filed motion to amend its petition by excepting access by way of a twelve-foot gate located seventeen feet south of the north property line, which motion was granted and the petition so amended. Boxberger filed his affidavit in support of his motion to dismiss, attacking the validity of the act passed by the 1943 session of the Legislature under which this action was instituted, contending that the legislative act was not in accordance with the provisions of the State Constitution. His other motions were to strike the amendment from the petition and for a more definite statement.

Trial was had in December of 1949, and the verdicts

of the jury, concerning which complaint is made, are as follows:

"That the damage to the residue of the land including the denial of access as hereinabove set forth is as follows: $ None.

"And that the amount and value of the benefits to the residue of said land is as follows: $ None."

Error is specified as to the overruling of the motions, which presents the question as to whether or not such pleadings are permissible under eminent domain proceedings, or do the rules of civil procedure control.

The points relied upon by Boxberger for reversal are: That he was deprived of his property without compensation; that inadequate and wrong instructions were given on damages; that he was wrongfully compelled to have commingled trial with another respondent; that the effective statute does not authorize the taking of his right of access; and that there is no proof of any decision of the highway department or its engineer authorizing the exclusion of access through the present gate from the access rights taken and if such decision was made, that it was arbitrary and capricious.

Boxberger testified concerning opportunities to sell land adjoining the highway for commercial purposes, which were lost to him by the taking of the right of access. In addition to his testimony, four realtors from Fort Collins qualified as experts and gave testimony as to the value of the right of access being taken, to the general effect that Boxberger's farm, as a farm, suffered loss of value in the sum of $3,500 as a result of the denial of access; that the loss of right to sell commercial sites along the road was fixed at $10,000 by one realtor; another placed the value of the right of access between $15,000 and $20,000; another fixed the commercial tract sales possibilities at from $12,000 to $13,000; and still another put the value of the access rights at $10.00 per front foot; that taking away the right of access cut the value of the farm 25 per cent, the farm being valued at

from $56,000 to $60,000. Two witnesses for the highway department testified as to values. However, one of these witnesses thought it was a disadvantage to be on a free way, but did not attempt to place the value of access rights; and neither of these witnesses gave any evidence indicating any benefit from the improvement. The case thus stood without any evidence of any special benefit to the land by the establishment of the free way as distinguished from a highway.

We find no evidence to the effect that such access rights had no value, while, on the other hand, there is ample evidence from which some value could be established, and it cannot be disputed that the verdict of the jury deprives Boxberger of such rights without any compensation. We believe the outstanding reason for this result is to be found in the manner of the giving and refusing of instructions, however, not ignoring other factors that would easily tend toward such a result.

The propriety of the filing and disposition of motions in this, a condemnation proceeding, has been raised. A consideration of the pertinent statutes and our rules of civil procedure discloses uncertainty in this regard. Counsel for the highway department suggests that it is desirable that this court clarify the law relating to the pleadings and motions in condemnation proceedings. Decisions of this court prior to the adoption in 1941 of the present rules of civil procedure seem to indicate that the pleadings in condemnation matters are limited to the petition. *Denver & Rio Grande R. R. Co. v. Griffith,* 17 Colo. 598, 31 Pac. 171; *Knoth v. Barclay,* 8 Colo. 300, 6 Pac. 924; *People ex rel. v. District Court,* 78 Colo. 526, 242 Pac. 997. No doubt that what was said in these decisions was based largely on what is said in the Eminent Domain Act, section 12, chapter 61, '35 C. S. A., which treats of "Intervention by third party—Cross-petition—Hearing," wherein, in speaking of the right of an interested person not made a party to the suit, it is said such person may file a cross-petition. The statute then reads,

"Except such cross-petition there shall be no written pleadings on the part of any party to the proceeding, but at the hearing, provided for in section 6 of this chapter, the court shall hear and dispose of all objections that may be raised touching the legal sufficiency of the petition or cross-petition, or the regularity of the proceedings in any other respect; * * *." Under the wording of this statute, "* * * all objections that may be raised touching the legal sufficiency of the petition or cross-petition," we believe the door is open for permissive use of motions for which provision is made under chapter 2 of our rules of civil procedure, particularly a motion to dismiss which now takes the place of a demurrer under the former practice. This is a means of making a desirable record as to any objections pointing toward the legal sufficiency of the petition. Counsel for the highway department, with some reservation, contend that the rules of civil procedure do not apply in condemnation proceedings and the pleadings are controlled entirely by statute. With this contention we are not in agreement, because we find uncertainty and inconsistency in the wording of the eminent domain statutes as they relate to the pleadings, and we find nothing in the statutes that would be inconsistent or in specific conflict with our present rules of civil procedure. In such a case provision is made for the applicability of rule 81, R. C. P. Colo., which is as follows: "(a) Special Statutory Proceedings. These rules do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute. Where the applicable statute provides for procedure under a former Code of Civil Procedure, such procedure shall be in accordance with these rules."

In applying the rules of civil procedure in such instances, we do not mean to be understood as saying that an answer in condemnation proceedings is necessary or required. The respondent is privileged to attack the suf-

532

ficiency of the petition in such proceedings the same as in all other cases, according to his constitutional guaranty.

■ As to Boxberger's motion for an order requiring the state highway department to make its petition more definite and certain as to the exact nature and extent of the rights sought to be condemned, we believe such motion was properly made as falling within the wording of the statute, because he was entitled to have the jury know the full extent of petitioner's claims. This could be done most effectively by an amendment to the petition, which is allowable. Counsel for the highway department contend that this information could be obtained by means of pretrial conference or the other code provisions for discovery before trial. This contention is tantamount to acknowledgment that the rules of civil procedure are applicable in these cases. We have no indication as to the reasons for the ruling of the trial court in denying these motions, therefore we assume that it was on the ground that such motions were not permissible under the statute. We fully appreciate the trial court's position due to the uncertainty surrounding the matter of the pleadings in such cases, and, of course, if it was of the opinion that the eminent domain statutes make no provision for such motions and the proceedings are controlled entirely by the statute, then there would be no error in overruling the motions; however, in view of what we have now said concerning the pleadings in such cases, we believe it was error to deny the motion to make more definite and certain without providing other means for Boxberger to have the information sought a part of the record.

■ The petitioner was allowed to amend its petition relative to the access rights sought to be condemned in the following language: "* * * except for such access afforded by one twelve-foot gate located seventeen feet south of the road property line." Boxberger moved to strike this portion of the amendment on the ground that

when Highway No. 185 was designated as a free way, the right of access, if any, thereto *thereafter* is dependent entirely on such action as the state highway engineer may take in his discretion, either in directing the course of traffic and the lanes thereof, or the construction of secondary roads or local service roads and the direction of traffic thereon. The statute provides for the purchase and condemnation of any right of access appertaining to any land abutting on a state highway or on a portion of a state highway where such right of access is disturbed or destroyed, or such state highway, or such portion of a state highway, as a free way, in the same manner and form as provided by law in the purchase and condemnation of highway right-of-ways. Boxberger was entitled to know, and to have the jury know, the extent of the full destruction or disturbance of his right of access; and to have it more definitely determined as to the privileges accorded under the gateway excepted. If not given such information, he was entitled to have the amendment stricken because the statute contemplates payment for the destruction or disturbance of access rights presently and in the future. It is only logical to conclude that the statute means that payment, if any, be made at the time of the designation of the free way. It is to be borne in mind that Boxberger's damages are not limited to the present uses of the highway department, but are limited to his right to the use, and that is to be determined upon the basis of total deprivation because such power rests in the discretion and powers given to the highway department authorizing the designation of the free way and the acquiring, destroying or disturbing the rights of access thereto. Boxberger was compelled to go to trial without any committment by the state highway department as to the exact privileges to be presently or in the future allowed from this gateway. Whatever might appear to be some rights presently given by this gateway outlet could be changed at any time according to the desire of the highway department

in adopting such traffic regulations as would make this outlet an access to a secondary road which might not have access to the free way for a long and indefinite distance. Any presumption that the highway department will not exercise its right to a full and total destruction of Boxberger's rights is not to be followed.

The verdict in this case presents an anomalous situation. It cannot be disputed that Boxberger's rights of access to the highway and free way have been disturbed, if not taken and destroyed. Any benefit to his lands by virtue of the adjacent highway is a general benefit and not a special benefit. The result of the jury's verdict is, in so many words, "No benefits; no damage." Any damage to be considered as offset under any circumstance would have to be special damage or damage peculiar to the property affected.

■ ■ To detail and analyze all of the instructions tendered and given in this case would unduly lengthen the opinion and possibly lead to more confusion. The question that arises is: Are the access rights here involved property, as such is described in the eminent' domain statutes? If they are property, as such is generaly considered, then a market value or the true and actual value thereof must be found, and such value allowed at the time of the appraisal. Section 17, chapter 61, '35 C. S. A., provides: "In estimating the value of all property actually taken, the true and actual value thereof at the time of the appraisement shall be allowed and awarded, and no deduction therefrom shall be allowed for any benefit to the residue of said property; but in estimating damages occasioned to other portions of claimant's property, or any part thereof other than that actually taken, the value of the benefits, if any, may be deducted therefrom; provided, however, that in all cases the owner or owners shall receive the full and actual value of all property actually taken, and in case the benefit to the property not actually taken exceed the damages sustained by the owner to the property

not actually taken, the owner or owners shall not be required to pay, or allow credit for such excess."

It would seem difficult to establish the true or market value of access rights since they are not a commodity dealt in on a buying and selling market; however, the right of ingress and egress to and from a person's property adds or detracts from the property value and it would seem that the true value of such rights could only be found in the difference between the value of the land and its use for any and all kinds of purposes before the disturbance or destruction of such rights, and the value of the land minus any access or disturbed or inconvenient access to the highway. As the case stands, such rights of Boxberger have been taken without compensation and without any showing or finding that he has had any special benefits thereby. We believe it was error for the trial court to refuse to give to the jury Boxberger's tendered instruction No. 1, which is as follows: "You are instructed that the benefits, if any, derived by reason of increased traffic, resulting from the construction of State Highway 185 adjoining respondents' properties, are not special benefits to the lands of respondents, and must not be considered by you in determining what, if any, special benefits to the residue of respondents' property resulted from the improvement of said highway adjoining respondents' properties." We believe that the court's instruction No. 14 was erroneous in that it advised the jury that any special benefits found by it to exist would be deducted by the court from the damages, if any, to respondents' property. This is in direct conflict with section 17, '35 C. S. A., supra, which specifically provides that no deduction from the value of the property taken shall be allowed from the benefit to the residue thereof.

Discussion of other points urged by counsel as errors is not necessary for the determination of the issues before us. We conclude that the judgment should be, and it is, reversed and the cause remanded with directions

536

for a new trial in accordance with the views herein expressed.

Mr. Justice Stone not participating.