## No. C-699

**Lee A. Stark and G. D. McGarvey v. Poudre School District R-1, a body corporate**

(560 P.2d 77)

Decided January 31, 1977.

Fischer and Wilmarth, Gene E. Fischer, G. William Beardslee, for petitioners.

Harden and Napheys, B. F. Napheys III, Ralph Harden, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

We granted certiorari to review *Poudre School District v. Stark*, 35 Colo.App. 363, 536 P.2d 832 (1975). We reverse and remand with directions that the order be set aside and a redetermination made in light of the principles and directives articulated in this opinion.

In 1972, the Poudre School District commenced an eminent domain proceeding to acquire a nine-acre tract in the City of Fort Collins. *See Colo. Const.* Art. II, Sec. 15; section 123-10-2, C.R.S. 1963. Prior to trial, a hearing was held to determine the propriety of presenting evidence to the commission regarding the probability of rezoning the property. The trial court ruled that the evidence was inadmissible, based upon an insufficient foundation to show the probability of rezoning. In a motion for a new trial, the condemnee submitted affidavits alleging misconduct by the commissioners in making an independent investigation and determination of value which was not based upon the evidence.

I.

*Opinion Evidence of the Probability of Rezoning*

At the conclusion of the *in limine* hearing, the trial court ruled that insufficient evidence had been presented to establish the probability of rezoning and that, therefore, the condemnee would not be allowed to present evidence of such probabilities to the commission. The court of appeals, in affirming, simply noted that the trial court had not abused its "considerable discretion in determining the sufficiency of the evidence to establish a reasonable probability of a zoning change occurring within a reasonable time."

The condemnee offered expert testimony as to the probability of rezoning this particular property, based upon the expert's evaluation of prior rezoning trends for similar properties in Fort Collins. The trial court refused to hear the testimony. It sustained the school district's objection that "[t]here isn't any such thing as an expert witness on what a zoning board or a city council is going to do. There isn't any training for it. There isn't any experience that can assist in this." While we recognize the broad discretion vested in the trial court in considering the qualifications of an expert and the admissibility of expert opinion, we find that the record clearly reflects an erroneous legal test as the basis for the court's ruling.

The rule is clear in this jurisdiction that the probability of rezoning may be considered by the commissioners *insofar as it would reasonably be reflected in present market value.* However, a totally speculative or conjectural estimate of future use of property would not and should not be reflected in the determination of the property's present value. Accordingly, unless the evidence relating to the likelihood of rezoning rises to the level of a probability, it is inadmissible in a condemnation proceeding. The role of the commission is simply to determine the true market value. As we said in *Department of Highways v. Schuloff*, 167 Colo. 72, 445 P.2d 402 (1972):

"The jury [or commission] are to determine and allow the present fair, cash market value at the time of the trial, and are not to allow for any speculative or prospective values. In determining the present cash value the most advantageous use to which the property *may reasonably be applied* may be considered. *Any reasonable future use* to which the land may be adapted or applied by men of ordinary prudence and judgment may be considered in so far only as it may assist the jury in arriving at the present market value. *The owner is entitled to have considered the most advantageous use in the future to which the land may be reasonably applied*, not with the view of allowing him . . . speculative or prospective damages or values, but only as such evidence may bear upon or affect or assist in arriving at the present market value." (Emphasis added.)

*Department of Highways v. Schuloff, supra, quoting Wassenich v. City of Denver*, 67 Colo. 456, 186 P. 533 (1919); *accord Morgan v. City of Overland Park*, 207 Kan. 188, 483 P.2d 1079 (1971); *Masheter v. Mariemont, Inc.*, 36 Ohio App. 2d 78, 302 N.E.2d 583 (1971); *State ex rel. State Highway Commission v. Carlson*, 463 S.W.2d 74 (Mo.App. 1970); *Sunland Supply Co. v. State*, 392 S.W.2d 369 (Tex.Civ.App. 1965), *rev'd on other grounds*, 404 S.W.2d 316 (Tex. 1966); *see generally*, 1 *L. Orgel, Valuation Under the Law of Eminent Domain* § 29 (1953); 4 *J. Sackman, Nichol's Law of Eminent Domain* § 12.322[1] (1976).

In this case, the trial court not only refused to admit expert testimony regarding the probability of rezoning at the *in limine* hearing, but also allowed testimony that any opinion on the probability of rezoning was nothing more than speculation. Accordingly, its finding that "the question of rezoning [was] one of speculation rather than probability," was a foregone conclusion.

The condemnee's expert witnesses, who were familiar with property values, as well as zoning history and practices in Fort Collins, were clearly qualified to give their opinions as to the probability of rezoning this particular property. *See Dolan v. Mitchell*, 179 Colo. 359, 502 P.2d 72 (1972).

## II.
### Commissioner Misconduct

The condemnee appended two affidavits to its motion for a new trial. Each averred that a different commissioner had recounted to the affiant that the commissioners had "made their own independent investigation" and had therein reached an assessment of the property value which was not based upon the evidence before the commission and which was considerably lower than that estimated by either the school district or the condemnee's witnesses. It is, of course, basic that the commissioners must confine their evaluation of market value to the evidence before them. In

*Routt County Co. v. Johnson*, 23 Colo.App. 511, 130 P. 1081 (1913), the court said:

"The commissioners in this case were clearly under a misapprehension as to their powers and duties under their appointment. . . . At the trial both parties are entitled to be present, and each is entitled to cross-examine witnesses and object to the admission or exclusion of any and all documents offered in evidence. If the information acquired by the commissioners from documents and persons not produced at the trial should be used by them, then the party injuriously affected thereby would be deprived of the right of inspecting such documents and cross-examining such witnesses."

A new determination of market value must be made pursuant to the issues discussed in Part I of this opinion, and this should be before a new commission. The issues raised by the condemnee's attempt to impeach the determination of the commission by affidavit, therefore, need not be determined.

Accordingly, we reverse the court of appeals and direct that the case be remanded for further proceedings in accordance with the directions contained herein.[1]

---

[1] We agree with the court of appeals that petitioner's failure to object to the evidence of comparable sales waived any arguable defect in the foundation for the evidence. Moreover, we find the court of appeals' ruling on the instructions and condemnee's costs to be correct statements of the law.