596 P.2d 400 (1979)
STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, Petitioner-Appellant,
v.
Edward DAVIS and Gertrude R. Davis, Respondents-Appellees,
Heritage Savings and Loan Association, Marie R. DeWitt and Lloyd C. DeWitt, Trustees, D. Kirk Tracy, and Geneva C. Mosher as Treasurer and Public Trustee of Prowers County, Respondents.
No. 78-342.
Colorado Court of Appeals, Div. I.
March 8, 1979.
Rehearing Denied April 19, 1979.
Certiorari Granted June 18, 1979.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, *401 Sol. Gen., Vicki J. Fowler, Asst. Atty. Gen., Denver, for petitioner-appellant.
Andersen & Gehlhausen, John Gehlhausen, Lamar, for respondents-appellees.
COYTE, Judge.
In this eminent domain proceeding the Colorado Department of Highways appeals an award of damages to the respondent landowners for substantial impairment of access to the residue of the landowners' property. We affirm.
The landowners operated a rental store on the land in question, and originally had access from their property directly onto Highway 50. When the Department of Highways decided to convert this highway into a limited access highway, it brought this eminent domain proceeding to acquire a strip of land along the front section of the landowners' property. This conversion to limited access would reduce the landowners' access solely to a frontage road, with an entrance from this frontage road onto the main highway 300 feet east of their property. Following a jury trial, the landowners were awarded $10,282 for the value of the land actually taken, and $21,689 for damage to the residue of their property. The Department appeals the latter portion of the verdict on the grounds that any impairment in access was noncompensable and that evidence was improperly admitted regarding restrictions imposed by the Colorado Outdoor Advertising Act.
Prior Colorado decisions cited by the Department that have denied compensation for impairing access to property are inapposite here. See, e. g., Majestic Heights Co. v. Board of County Commissioners, 173 Colo. 178, 476 P.2d 745 (1970); Troiano v. Colorado Department of Highways, 170 Colo. 484, 463 P.2d 448 (1969). In these previous cases, no land was taken, whereas here, part of the landowners' property was actually taken by eminent domain and loss of access was merely one item of consequential damage to the residue.
"There is a distinction . . . to be noted between the assessment of compensation in the case of a taking and in the case of a damage when no land is taken. In the former case the mere fact that there has been a taking entitles the owner to recover for all damages to his remaining land, whether special or shared by the public generally, provided they flow from the taking, since he is constitutionally entitled to be made whole for all injuries resulting from the taking of his land . . . ." 2A J. Sackman, Nichols' Law of Eminent Domain, § 6.45 (rev. 3rd ed. 1976).
This distinction is borne out by Colorado law. Compare Troiano, supra, with Boxberger v. State Highway Commission, 126 Colo. 526, 251 P.2d 920 (1952).
Boxberger was an action in eminent domain for condemnation of access rights when the highway adjoining Boxberger's land was converted to a limited access highway. The court therein allowed the landowner to recover for substantial impairment of access to the residue and held that the proper measure of damages was the "difference between the value of the land and its use for any and all kinds of purposes before the disturbance or destruction of such rights, and the value of the land minus any access or disturbed or inconvenient access to the highway." The situation here is more closely analogous to Boxberger than to the cases cited by the Department.
Where a landowner claims impairment of access to the residue of his property, the trial court must initially make a determination as to whether there has been substantial impairment. Section 38-1-101, C.R.S.1973; Shaklee v. Board of County Commissioners, 176 Colo. 559, 491 P.2d 1366 (1971). Here, in contrast to the Troiano line of cases, land was taken and the trial court found, on supporting evidence, that there had been damages to the residue because of substantial impairment of access. Thus we find no error in permitting the jury to consider impairment of access when determining damages.
The Department further contends that the trial court erred in allowing admission of evidence that the Colorado Outdoor *402 Advertising Act, § 43-1-401 et seq., C.R.S. 1973, prevented the landowners from building a sign at the turn-in from the highway to the access road directing people to their business. The Department argues that any damage caused thereby resulted from the exercise of the state's police power and as such was not compensable. We disagree.
In an analogous situation it has been held that zoning ordinances and building codes, while a valid exercise of police power, may be considered in determining the amount of damage to the residue of property. State v. Rohrer, 145 N.J.Super. 63, 366 A.2d 1017 (1976). As noted above, the proper measure of damages includes any difference in value of the land and its use for any and all kinds of purposes. Boxberger, supra. See United States v. 97.19 Acres of Land, 582 F.2d 878 (4th Cir. 1978). This measure is broad enough to include damages resulting from limitations on advertising. Evidence regarding this advertising restriction was therefore admissible as one factor establishing the diminished market value of the landowners' remaining property.
Judgment affirmed.
SILVERSTEIN, C. J., and PIERCE, J., concur.