The **CITY OF LAKEWOOD, a Colorado municipal corporation, Petitioner-Appellee,**

v.

**George E. DeROOS, Respondent-Appellant,**

**Midland Federal Savings and Loan Association, First National Bank of Denver, and Donald E. Couch, Treasurer, County of Jefferson, State of Colorado, Respondents.**

No. 79CA0372.

Colorado Court of Appeals, Div. II.

Feb. 13, 1981.

Rehearing Denied March 12, 1981.

Certiorari Denied July 13, 1981.

Gorsuch, Kirgis, Campbell, Walker & Grover, Shayne M. Madsen, Joseph J. Montano, Denver, for petitioner-appellee.

George Alan Holley & Associates, Scott D. Albertson, George Alan Holley, Golden, for respondent-appellant.

VAN CISE, Judge.

In this condemnation action, George DeRoos (the owner) appeals from a judgment entered on a jury verdict awarding him $4,000 for the land and improvements actually taken by the City of Lakewood (the city), but finding no damage to the residue of his property resulting from the taking. We affirm.

In connection with the Kipling Street Improvement Project, this condemnation action was commenced by the city to acquire 3,087 square feet of the owner's 13,396 square foot lot for additional right of way. The lot abuts Kipling Street and has a duplex house on it, which was set back 60 feet from the then existing two-lane street. Upon completion of the project, the owner's lot will be separated from the four-lane Kipling Street parkway by a bike path and service road, with the duplex set back 32 feet from the service road, 2 feet more than the city's setback requirements.

At trial, the owner presented testimony as to the value of the property actually taken and the damage to the residue based on loss of parking area, proximity of the duplex to the roadway, and the fact that after the taking the lot will be too small to contain a duplex in compliance with the city's zoning ordinance, and, therefore, will be a nonconforming use in this R–2 residential two district. Although the owner sought to present additional evidence of damage to the residue, the trial court, by an *in limine* order, precluded the owner from introducing evidence of damage to the residue from the increased noise, dust, fumes, smoke, traffic volume, and other adverse impacts resulting from the construction and widening of Kipling Street, unless he could show that such damage to his property was different in kind, not in degree, from the damage suffered by the general public. The uniqueness of the damage was not proved and the evidence was not introduced.

An appraiser testifying for the city gave his opinion as to the value of the land taken and the residue, and concluded that the residue had not suffered any damage.

I.

The owner first contends that the trial court erred in its ruling precluding the owner from introducing testimony pertaining to damage to the residue resulting from the forthcoming construction and widening of Kipling Street. Quoting from *State Department of Highways v. Davis*, 42 Colo. App. 250, 596 P.2d 400 (1979) (*cert. granted* 1979), he contends that where there is a partial taking, the owner is entitled " 'to recover for all damages to his remaining land whether special or shared by the public generally, provided they flow from the taking, since he is constitutionally entitled to be made whole for all injuries resulting from the taking of his land ....' " We find no error in the court's ruling.

"[I]n order to be compensable the damage to the property must affect some right or interest which the landowner enjoys and which is not shared or enjoyed by the public generally. The damage must be different in kind, not merely in degree, from that suffered by the public in general." *Troiano v. Colorado Department of Highways*, 170 Colo. 484, 463 P.2d 448 (1969). Even where there has been a partial taking, the damage must be special or

peculiar to the property affected. *Boxberger v. State Highway Commission*, 126 Colo. 526, 251 P.2d 920 (1952).

Here, the owners of property abutting Kipling Street will all suffer the adverse effects of construction and increased noise, pollution, and traffic once the project is completed. The owner contends that expert testimony would establish that the noise levels his property will be subject to would violate the maximum permissible levels established in the noise abatement statutes, § 25–12–101, et seq., C.R.S.1973, while those levels would not be exceeded on property owned by the public in general. Because noise levels in excess of the maximum standard are prima facie evidence that the noise is a public nuisance, *see* § 25–12–103, C.R.S.1973, the owner claims that he would be subjected to a damage which is different in kind and degree from the damage to the general public caused by noise.

This argument is not persuasive. Construction and operation of a public highway are not activities which can be abated as a public nuisance. *See* § 25–12–104, C.R.S.1973. Therefore, although the owner may be exposed to greater amounts of noise, pollution, or traffic, these adverse effects are not different in kind from the effects suffered by the public in general. Accordingly, the trial court did not err in excluding the offered evidence.

To the extent that *State Department of Highways v. Davis, supra,* is inconsistent, we choose not to follow it.

## II.

The owner next contends that the trial court erred in excluding the testimony of a witness, in relation to damage to the residue. According to the offer of proof, the witness would have testified concerning the expected volume of traffic after completion of the improvement project, that the property taken could be used by the city if the planned four-lane highway were expanded to a six-lane freeway in the future, and that the main street and service roads could be changed to one-way streets in the future. In light of our previous determination, these future uses to which the right of way might be put, and the future traffic volume would not result in special damage peculiar to the owner's property, and the court did not err in excluding the testimony related to such uses. *See Stark v. Poudre School District R–1*, 192 Colo. 396, 560 P.2d 77 (1977).

## III.

The owner also asserts that the trial court erred in admitting the testimony of an expert witness, the appraiser for the city, concerning the probability that the owner would be able to obtain the requisite permits from the board of adjustment to allow the use of his property as a nonconforming use. We agree that the court erred, because the witness' expertise did not extend to matters pertaining to the Lakewood zoning ordinance or how its board of adjustment operates. However, the error was harmless.

Under its zoning ordinance, the Lakewood board of adjustment has nothing to do with nonconforming uses as such, and there is no provision or requirement for nonconforming use permits. Under the ordinance, even though a lot is reduced below the minimum requirements of its zoning district, if, as here, such reduction is caused by the city's acquisition, the landowner may continue to use his property as before or for any other use originally permitted, provided only that such use does not create a hazardous situation and is not otherwise unreasonable. Thus, there is no additional governmental restriction on the owner's use of his land as a result of the condemnation.

Furthermore, the court did not err in admitting certain exhibits containing the appraisal witness' calculations concerning lack of any diminution in value of the residue, *see Department of Highways v. Intermountain Terminal Co.*, 164 Colo. 354, 435 P.2d 391 (1968), and in allowing one of those exhibits to be taken to the jury room. *See* C.R.C.P. 47(m).

## IV.

 The court also did not err in disallowing, in the owner's bill of costs, the item for expert witness fees incurred in obtaining the services and testimony of an acoustical engineer, who would have testified concerning the noise impact on the residue of the owner's property as a result of the taking. The court disallowed the cost because of its *in limine* order precluding presentation of testimony relating to noise impact.

In eminent domain actions, the awarding of expert witness fees is a matter within the discretion of the trial court. *See Leadville Water Co. v. Parkville Water District*, 164 Colo. 362, 436 P.2d 659 (1968); *Denver Urban Renewal Authority v. Hayutin*, 40 Colo.App. 559, 583 P.2d 296 (1978) (*cert. dismissed* January 26, 1979). And, inasmuch as the testimony would have related to damages to the residue which were noncompensable, disallowing the fees was not error.

## V.

 Finally, the owner asserts that a new trial should have been granted because the jury's award indicating no damage to the residue was clearly inadequate. We do not agree. The appraiser for the city testified that the residue of the property had suffered no special damage. Therefore, there was competent evidence to support the jury's verdict in that regard, and the verdict must be sustained. *City and County of Denver v. Minshall*, 109 Colo. 31, 121 P.2d 667 (1942).

Judgment affirmed.

SMITH, J., concurs.

BERMAN, J., dissents.

BERMAN, Judge, dissenting:

Respectfully, I dissent. I am of the view that *State Department of Highways v. Davis*, 42 Colo.App. 250, 596 P.2d 400 (1979), is controlling here. *Davis* states that:

" '[T]here is a distinction . . . to be noted between the assessment of compensation in the case of a taking and in the case of a damage where no land is taken. In the former case the mere fact that there has been a taking entitles the owner to recover for all damages to his remaining land, whether special or shared by the public generally, provided they flow from the taking, since he is constitutionally entitled to be made whole for all injuries resulting from the taking of his land . . . .' "

Here, the owner was not allowed to present expert testimony in an effort to show that, among many factors, noise generated by highway construction and use impaired the market value of the remainder. This was error. *See State Road Commission v. Rohan*, 26 Utah 2d 202, 487 P.2d 857 (1971), where the court held similar expert testimony to be properly admitted. In *Rohan*, the expert, in appraising decrease in the remainder's value, took into consideration the impact of traffic and noise from a new adjacent freeway, notwithstanding that an intangible factor such as noise could not properly constitute a separate item of damages.

I would reverse and remand for a new trial with directions to permit the above testimony.