**STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, Petitioner-Appellee,**

v.

**Dewey P. OGDEN, Respondent-Appellant,**

**and**

**Texas Oil & Gas Corp.: American Telephone & Telegraph Co.; Utilities Board of the City of Lamar; May Valley Water Association; Geneva C. Mosher as Treasurer of Prowers County, Respondents.**

No. 79CA1137.

Colorado Court of Appeals, Div. I.

Nov. 27, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J.

Mullarkey, Sol. Gen., Robert R. Duncan, Thomas W. Gibb, Asst. Attys. Gen., Denver, for petitioner-appellee.

Johnson & McLachlan, Stanley A. Brinkley, Lamar, for respondent-appellant.

COYTE, Judge.

Dewey P. Ogden (Respondent) appeals from a judgment entered for the value of property taken and damages to the residue in a condemnation proceeding. We reverse.

After trial was completed it was found that one of the jurors was not a freeholder. Respondent contends that the jury was thus an illegally constituted jury and that he is entitled to a new trial. We agree.

In the taking of property for public use, compensation is to be ascertained by a board of commissioners of not less than three freeholders, or by a jury, when required by the owner. Colo.Const.Art. II, Sec. 15. Section 38–1–106, C.R.S.1973, provides:

"The owner of property involved in any proceeding brought under the provisions of this article, . . . as provided in section 38–1–105, and before the expiration of the time for the defendant to appear and answer, may demand a jury of freeholders residing in the county in which the petition is filed to determine the compensation to be allowed in the manner provided in this article. . . ."

*Colorado Cent. R. Co. v. Humphrey*, 16 Colo. 34, 26 P. 165 (1891) held that a jury not properly constituted was not a legal jury and that a challenge for cause should have been sustained to a juror who was not a freeholder. *Colorado Fuel & Iron Co. v. Four Mile Ry.*, 29 Colo. 90, 66 P. 902 (1901).

■ Petitioner argues that respondent did not request a jury of freeholders and thus waived the statutory provision. It further argues that the statute does not require that the case be tried by freeholders unless the respondent specifically requests freeholders and that here, where the request was merely for "a jury of six," that the jury was properly constituted. We disagree.

Although respondent merely requested "a jury of six," before jury selection commenced, the trial court inquired of the prospective jurors if they were freeholders. When one stated that he was not, the trial court excused him, explaining that all jurors in this type of case had to own real property. Hence, the trial court attempted to qualify the jury as freeholders and thought that this had been done. The problem arose because one of the jurors could not hear well and could not understand the questions, with the result being that it was discovered after the trial that he was not a freeholder. Under these circumstances, there was no waiver, and since the jury was improperly constituted, the case must be retried before a properly constituted jury. *See People v. Borrelli*, Colo.App., 624 P.2d 900 (1980).

■ Since the case must be retried, we will address the other issue raised in respondent's brief. He contends that the court erred in ruling, in an *in limine* hearing prior to trial, that "in determining the fair market value of the land condemned only the type of zoning at the time of taking can be considered." We agree. Respondent also contends, and we agree, that the trial court erred by instructing the jury that it could only consider the type of "zoning at the time of taking in determining the fair market value of the property," and that it could not consider the reasonable probability of rezoning in determining the value of the property taken.

Extensive testimony was presented by respondent as to the probability of rezoning the land sought to be condemned. In this proceeding, one of the county commissioners, the land-use administrator, chairman of the planning commission, and respondent's appraiser, testified as to the zoning in the area and the fact that no request for zoning had been refused and that land on either side of the land obtained had been rezoned from agricultural to commercial. No contrary evidence was offered on this issue other than cross-examination by the State.

In *Stark v. Poudre School District Re–1*, 192 Colo. 396, 560 P.2d 77 (1977), the court held:

"[T]he probability of rezoning may be considered by the commissioners *insofar as it would reasonably be reflected in present market value.* However, a totally speculative or conjectural estimate of future use of property would not and should not be reflected in the determination of the property's present value. Accordingly, unless the evidence relating to the likelihood of rezoning rises to the level of a probability, it is inadmissible in a condemnation proceeding. . . ."

" 'In determining the present cash value the most advantageous use to which the property *may reasonably be applied* may be considered. *Any reasonable future use* to which the land may be adopted or applied by men of ordinary prudence and judgment may be considered in so far only as it may assist the jury in arriving at the present market value. The owner *is entitled to have considered the most advantageous use in the future to which the land may be reasonably applied*, not with the view of allowing him . . . speculative or prospective damages or values, but only as such evidence may bear upon or affect or assist in arriving at the present market value.' " (emphasis in *Stark*)

Here, the evidence was such that the court should have allowed the jury to consider the most advantageous use to which the property could be put, including the uses permissible if the likely rezoning should occur. Contrary to petitioners argument, we view this error to have been highly prejudicial to respondent in the circumstances of this case.

The judgment is reversed and the cause remanded for a new trial in accordance with the views expressed herein.

STERNBERG and KIRSHBAUM, JJ., concur.