Ray A. MARLOW, Plaintiff-Appellee,

v.

The ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Defendant-Appellant.

No. 80CA1004.

Colorado Court of Appeals, Div. I.

March 31, 1983.

Rehearing Denied April 28, 1983.

Certiorari Granted Sept. 26, 1983.

Morrisard & Rossi, P.C., John J. Rossi, Aurora, for plaintiff-appellee.

Grant, McHendrie, Haines & Crouse, P.C., Peter J. Crouse, Steven E. Napper, Denver, for defendant-appellant.

COYTE, Judge.

In this action under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., defendant, Atchison, Topeka & Santa Fe Railway Company, appeals the judgment of the trial court finding it negligent and awarding plaintiff Ray A. Marlow, $165,000 in damages for injuries which he sustained while working for defendant. We affirm.

Plaintiff was injured on the job and subsequently filed suit against defendant. After trial the jury found that defendant was negligent and that there was no negligence on the part of plaintiff and awarded plaintiff $165,000 damages.

Defendant contends on this appeal (1) that the trial court erred by refusing to allow defendant to introduce the statements of plaintiff contained in two accident reports, (2) that the trial court erred in refusing to instruct the jury regarding the non-taxability of any damage award, and (3) that the award of damages is not supported by the evidence.

## I

Prior to the start of the trial, plaintiff filed a motion to hold a hearing *in limine* in which he sought to have the trial court bar defendant from using the statements made by him contained in two documents. These statements contradicted plaintiff's trial testimony as to how the accident occurred and who was at fault. No evidence was taken as to the circumstances under which the statements were given but counsel for both sides made offers of proof in that regard.

On the day of the accident, plaintiff was taken to a hospital in Pueblo, Colorado, after which he was transported to another hospital in Rocky Ford, Colorado. During the trip to Rocky Ford he was accompanied by his foreman who had plaintiff fill out a standard company form regarding the circumstances of the accident. Four days after the accident, while still in the hospital, plaintiff gave a statement to a claims agent for defendant which was incorporated into a typed report.

The trial court ruled that the statements were inadmissible for any purpose, including impeachment, pursuant to § 13–21–301, C.R.S.1973 (1982 Cum.Supp.), which provides in part as follows:

"If a person is injured as a result of an occurrence which might give rise to liability and said person is a patient under the care of a practitioner of the healing arts, or is hospitalized, no person or agent of any person whose interest is adverse the injured person, within fifteen days from the date of the occurrence causing the injury, shall:

. . . . .

(c) Obtain or attempt to obtain any statement, either written, oral, recorded, or otherwise, from the injured patient for use in negotiating a settlement or obtaining a release except as provided by the Colorado Rules of Procedure.

. . . . .

Any statement, written, oral, recorded, or otherwise, which is given by the injured party in violation of this section may not be used as evidence against the interest of the injured party in any civil action relating to the injury."

Defendant makes two arguments for the admissibility of these statements. First, defendant contends that the statement given to the foreman did not fall within the terms of the statute because the purpose in taking the statement was not to negotiate a settlement or obtain a release. Second, defendant argues that neither statement is covered by the quoted statute because the application of the state rule would have the effect of obstructing a federally created substantive right. We reject both contentions.

■ Section 13–21–301, C.R.S.1973 (1982 Cum.Supp.) does not require that the party taking the statement do so with the specific purpose of using the statement to negotiate a settlement or obtain a release before the exclusionary provisions of the statute apply. The state of mind of the party taking the statement is not determinative of whether the statement is admissible. So long as the other requirements of the statute have been met, the statute applies to any statement which may be of some use or value in negotiating a settlement or obtaining a release irrespective of the state of mind or purpose of the party taking the statement. *Safeway v. Smith*, 658 P.2d 255 (1983).

■ Here, it was undisputed that the statements were taken by a party adverse to plaintiff while he was under a doctor's care and within fifteen days of the accident. The statements were made available to counsel for defendant for use as evidence in the trial. As such, the statements would be of some use in negotiating a settlement in an attempt to avoid a trial.

■ Contrary to defendant's argument, the exclusion of the statements would not affect or alter the federal substantive rights of the defendant. In an F.E.L.A. action brought in a state court, the production and admissibility of evidence are questions of practice and procedure to be governed by state law. *Rodriguez v. Denver & Rio Grande R.R.,* 32 Colo.App. 378, 512 P.2d 652 (1973). Defendant was not prevented from otherwise establishing the negligence, if any, of the plaintiff, or attacking the credibility of the plaintiff with respect to his version of how the accident happened and who was at fault. Therefore, the trial court did not err in ruling that the statements were inadmissible pursuant to the statute.

## II

Defendant's second contention on appeal concerns the refusal of the trial court to admit evidence offered by defendant to show the effect of income taxes on the damages awarded and the failure of the court to instruct regarding the non-taxability of damages.

## A

■ Defendant made an offer of proof which the trial court rejected concerning certain evidence regarding the effect of taxes on the damages awarded. The correct measure of damages for lost future earnings in an F.E.L.A. action is to allow for deductions for income tax from net future earnings. *Norfolk & Western R.R. v. Liepelt,* 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980). However, contrary to defendant's contention, the *Liepelt* case does not establish a rule that any evidence, in whatever form, which is offered as a basis for calculating the effect of taxes on lost future earnings is *per se* admissible. Such evidence is still subject to the rules of evidence which may have the effect of excluding evidence which is otherwise relevant.

■ Here the evidence offered by defendant consisted of documents which showed plaintiff's gross monthly earnings and corresponding net earnings after allowing for a variety of different deductions including income tax withholding. Plaintiff's gross earnings varied each month, and therefore, the net earnings as well as the amount withheld for income tax also varied. There was no offer of any evidence to establish the rate of taxation on plaintiff's projected earnings which he would lose as a result of his injury. Thus, the probative value of this evidence was slight in that it had little relevance to proving the actual effect of taxes on plaintiff's future earnings and was substantially outweighed by the danger of being prejudicial to the plaintiff, confusing the issues, and misleading the jury. It was not, therefore, error for the court to refuse the offer of proof.

## B

Defendant requested that the trial court instruct the jury as follows:

"You are instructed that you will not increase the amount of your verdict by reason of federal or state income taxes, since the amount awarded to plaintiff is not taxable income to plaintiff within the meaning of these tax laws."

■ Under Colorado law it is not error for a trial court to refuse to give an instruction regarding the non-taxability of a damages award. *Davis v. Fortino & Jackson Chevrolet Co.,* 32 Colo.App. 222, 510 P.2d 1376 (1973).

Defendant argues, however, that in an F.E.L.A. action such an instruction must be given and relies upon *Norfolk & Western R.R. v. Liepelt, supra,* for this proposition. We disagree. The holding in *Liepelt* is limited to the facts of that particular case. *Flanigan v. Burlington Northern, Inc.,* 632 F.2d 880 (8th Cir.1980), *cert. denied,* 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981), decided a month after *Liepelt,* and which discussed *Liepelt,* states the correct. rule that the failure to give the non-taxability instruction is harmless error unless there is a showing that the verdict is excessive.

■ In this case, defendant has failed to point to any evidence that the jury inflated

its award in the erroneous belief that the award would be taxable, and our review of the record also fails to reveal any such evidence. We note below, that the damages awarded in this case were supported by the evidence and were not excessive. Therefore, the error in failing to give the non-taxability instruction was harmless.

### III

Defendant next argues that the jury award is excessive and that the trial court erred in admitting the testimony of plaintiff's expert witness, a physician, regarding future medical expenses on the grounds that he had no reasonable basis upon which to render an opinion. We reject both contentions.

A trial court has discretion in determining the qualifications of an expert and the admissibility of expert evidence. *Stark v. Poudre School District R–1,* 192 Colo. 396, 560 P.2d 77 (1977). The initial determination of a witness' qualifications and knowledge to testify as an expert is a matter for the trial court and is conclusive unless clearly erroneous. *Dolan v. Mitchell,* 179 Colo. 359, 502 P.2d 72 (1972). Once the witness is qualified as an expert, the fact that examination of the witness reveals that he cannot support his opinion with certainty goes only to the weight to be given to the opinion and not to its admissibility. *Dolan v. Mitchell, supra.* In light of the evidence presented as to the witness' qualifications, the trial court did not err in allowing the physician to testify as an expert witness, and the weight to be given that testimony was thus a matter for the jury. Furthermore, we note that no objection was made to the rephrasing of the question to the expert as to the range of costs of future medical expenses.

The amount of the award is supported by the evidence. Accordingly, this jury finding is binding on us on appeal. *Vigil v. Pine,* 176 Colo. 384, 490 P.2d 934 (1971).

Judgment affirmed.

BERMAN and STERNBERG, JJ., concur.