[No. 6353.]

THE FORT LYON CANAL COMPANY v. FARNAN ET AL.

1. **Eminent Domain—Verdict—**Under sec. 1732, Mills' Stats., (Rev. Stats., 2432), the verdict must affirmatively show that the question of benefits to the lands not taken, was considered and determined; otherwise it was insufficient and must be vacated.—(415)

Where the verdict as to this matter was as follows, "That the amount and value of the benefits received by the defendants due to the construction of this ditch, is .......... dollars," it was held to import that the question of the benefits was considered and passed upon, and that the benefits were nothing.—(415)

2. **Practice—Verdict—Time of Objection to—**One who would object to the form or substance of a verdict must do so at the time of its return, and before the discharge of the jury.—(416)

3. ——**Affidavits of Jurors to Impeach,** are to be received only under the conditions prescribed by sec. 217 of the code.—(416)

*Appeal from Prowers District Court* — Hon. HENRY HUNTER, Judge.

Mr. H. L. LUBERS, for appellant.

No appearance for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The action was by petitioner below, appellant here, against respondents below, appellees here, to condemn land for a ditch right of way. Trial was to the court with a jury, with a verdict, which, after properly describing the land and the amount thereof taken, reads thus:

"That the value of the land or property actually taken is $75.00 per acre.

"That the damages, if any, to the residue of such land or property is $600.00.

"That the amount and value of the benefits received by the defendants, due to the construction of this ditch, is . . . . . . . . . dollars.

"William E. Rust, Foreman."

Sec. 1732, 1 Mills' Ann. Stats., provides that the verdict of the jury in cases like this shall show: First, a correct description of the land taken; second, the value of the land or property actually taken; third, the damages, if any, to the residue of such land or property; fourth, the amount and value of the benefits.

The first question for consideration is whether this verdict affirmatively shows that the question of benefits was considered and passed upon by the jury. It has been repeatedly held by this court that the statute is mandatory, and unless the verdict does so affirmatively show it is insufficient and must be set aside. We are of opinion that this verdict does show that the question of benefits was considered and passed upon by the jury. When it declared "That the amount and value of the benefits, due to the construction of this ditch, is . . . . . . . . . dollars," that was equivalent to declaring that the amount of the benefits was nothing, or was no dollars. We are all the more persuaded to this view because of the fact that at the time the verdict was returned no objection was urged against it, either as to form or substance, or to the discharge of the jury, or to the acceptance and entry of the verdict. Had counsel for petitioner, as it was his duty to do, at the time the verdict was returned and before the jury was discharged, if of opinion that the same was not sufficiently certain, made that objection, the verdict doubtless would have been forthwith corrected to show, with greater particularity if that were necessary, exactly what the jury did in fact pass upon and find. We are of

opinion that this verdict is in substantial compliance with the requirements of the statute. Beside it may well be held that petitioner waived his right to question it, either as to form or substance, by failing to urge objection thereto in apt time.

An affidavit, by one of the jurors, has been filed, showing or tending to show that the question of benefits was neither considered nor passed upon. Under familiar and well-settled rule, jurors are not permitted, by affidavit or otherwise, to impeach their verdict, except under certain circumstances and conditions mentioned in sec. 217 of the Civil Code, none of which are present here.

No error appearing in the record, the judgment is affirmed.                          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.