[No. 7372.]

HELD v. HOUSER.

1. REGISTRATION OF TITLES—*Application—What Land May Be Included*—Several tracts situated in the same county, claimed by the same party, and under the same chain of title, may be included in one application for the reigstration of the title under the statute (Rev. Stat. c. 28), even though not contiguous.

Lands held only by tax deed, the title having been quieted in an action instituted within one year of the execution of the deed, may be included.

Nothing in the statute (Rev. Stat. sec. 5733) requires one holding under a tax deed to delay his action to confirm or quiet his title. He may institute his action at any time after receiving his deed.

2. LIMITATIONS—*Land Sold for Taxes—Five Year Statutes*—Notwithstanding the provisions of sec. 5733 of the Revised Statutes, one claiming lands under a treasurer's deed may sue to quiet his title, at any time after receiving his deed.

3. JUDGMENT—*Who Concluded—Bill to Quiet Title to Lands*—One holding title as trustee merely is named as defendant in the action, in his individual capacity. The decree affects only his personal right, and not his estate as trustee.

*Appeal from Logan District Court.*—Hon. H. P. BURKE, Judge.

Mr. QUITMAN BROWN, for appellant.

Messrs. MUNSON & MUNSON, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee brought an action against appellant and others under the law relating to the registration of titles—sec. 714 *et seq.* R. S., 1908,— for the purpose of registering title to three quarter sections of land in Logan county. Judgment was rendered in favor of plaintiff, from which the defendant Held has appealed.

Held only claimed an interest in one of the quarter sections. They were not contiguous. Section 718, *supra*, provides that "any number of contiguous pieces of land in the same county, and owned by the same person, and in the same right, or any number of pieces of property in the same county having the same chain of title and belonging to the same person, may be included in one application."

The several tracts not being contiguous, it is urged that they could not be included in one application. In support of this contention, it is claimed that "pieces of property" and "pieces of land" are not synonymous. It appears to be conceded, in the briefs of counsel, that the several tracts have the same chain of title. They were all claimed by the plaintiff, and situated in the same county. From these facts, it appears by the language of the section quoted, they could be included in one application. We think that the expressions, "pieces of property" and "pieces of land," are synonymous. In passing on the question under consideration, we have not determined what is meant by the expression "same chain of title."

It appears from the pleadings and evidence that plaintiff's title to the land claimed by Held was obtained by tax deed, and a decree of the grantee in that deed based thereon, quieting title in him. The defendants in the action to quiet title

did not appear. This suit was instituted in less than one year after the tax deed issued. Section 716, *supra*, provides that "No title derived through sale for any tax, or assessment, or special assessment, shall be entitled to be registered, unless it shall be made to appear that the title of the applicant, or those through whom he claims title, has been adjudicated by a court of competent jurisdiction, and a decree of such court duly made and recorded, decreeing the title of the applicant." Then follow exceptions, which are not material in the case at bar.

Section 5733 also provides that "No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary, notwithstanding."

Based on these provisions, it is argued by counsel for appellant that the tax deed was not proper evidence of title, for the reason that the parties affected by that conveyance had five years after its execution within which to attack its validity by a suit. If this question can be raised in the manner attempted, the proposition upon which it is based is not tenable. A party whose rights are affected by tax deed may bring an action within five years to have it set aside, but this limitation does not require the grantee in a tax deed, or those claiming under him, to wait that period before bringing an action to quiet title based upon such deed.

Prior to the issuance of the tax deed, the then owner of the fee to the quarter section involved executed a trust deed to a Mrs. Armour, as trustee, to secure a note of the former executed and delivered to one Roe. In the suit to quiet title Mrs. Armour was made a party defendant in her personal capacity only. The beneficiary was not made a party. Whether he was a necessary party, or whether the failure to join him is material, we do not determine. After judgment the trustee foreclosed the deed of trust by notice and sale, under which proceedings the appellant became the purchaser, and a deed was issued and delivered to him by the trustee.

This deed and the deed of trust were introduced in evidence by Held, but the court ruled that they were insufficient to vest title in him. From the briefs of counsel, it appears that this ruling was based upon the assumption that the judgment in the action to quiet title barred Mrs. Armour of all right, title and interest in the property, and that, therefore, the sale of the property by her, as trustee, was without force or effect. This ruling was erroneous. It is true that a recovery in one suit upon issues joined on a matter of title is conclusive upon the subject matter of such title in any suit between the same parties or their privies.—*Williams v. Hacker*, 16 Colo. 113—but in order for such a judgment to operate as an estoppel, the general rule applicable to the case at bar is, that the parties to the action in which it was rendered were parties in the same capacities and in the same antagonistic relations, or else they must have been in privity with the parties in such former action. 23 Cyc. 1237. In other words, in order to constitute a judgment in one case *res judicata* in another, it must appear that the capacity of the parties to each is the same, or else they must be in privity with the parties to the action in which such judgment was rendered. *Beals v. Cone*, 27 Colo. 473. It is apparent that the interest of Mrs. Armour in the premises involved was that of trustee. She was not sued in that capacity. The judgment rendered against her only affected her personal rights, and not her interest as trustee. A judgment is conclusive only of the matter determined by it—*U. P. R. R. Co. v. Kelley*, 4 Colo. App. 325; so that, notwithstanding the judgment in the action to quiet title, she still had authority to execute her trust.

The judgment of the district court is reversed, and the cause remanded for a new trial.

*Reversed and Remanded.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.