No. 14,326.

NORTON *v.* RAY.
(78 P. [2d] 979)

Decided April 25, 1938.

Mr. DAVID W. OYLER, Mr. NATHAN I. GOLDEN, for plaintiff in error.

Mr. J. EMERY CHILTON, for defendant in error.

274

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION for rent for certain premises owned by defendant in error and located in Garden City, for April, May and June, at $100 a month, leased by plaintiff in error from month to month. Defendant in error had judgment for $300, and it is to review that judgment that plaintiff in error submits the matter to us on an application for supersedeas. Believing it to be conducive to the interests of all concerned, the case will be disposed of on that application.

The parties will be designated herein as they appeared in the trial court.

The action was instituted originally as an attachment proceeding in a justice of the peace court of Weld county, wherein the plaintiff was successful in reaching $300 belonging to the defendant on a garnishment proceeding, ancillary to the attachment.

On the appeal to the county court, it appeared that garnishee's answer that he had under his control $500 which would thereafter be due defendant, was not traversed. The garnishee was discharged, presumably leaving $300 available to apply on the judgment entered in the county court.

In considering the matter here, we find it necessary to discuss only two of the six assignments of error: (1) The court erred in permitting the said cause to be heard on its merits while another action between the same parties, involving a part of the same matters was pending in the district court of Weld county; (2) in allowing this cause to go to trial when all issues between the plaintiff and defendant could and should be adjudicated in the district court case.

Defendant, in response to the complaint demanding the $300, filed an answer and cross complaint, alleging that plaintiff was indebted to him on a promissory note in a

total sum of $882.70; that there was due him on open account for monies advanced and merchandise the sum of $840; and that there was the action pending in the district court in which he, as plaintiff, had sued Ida H. Ray and her husband on the $700 note.

The trial court, very liberally we think, permitted the introduction of evidence touching the entire matter, showing the relationship and dealings between the parties, and, at the close of the trial, following the denial of a motion for a nonsuit, found the issues in favor of plaintiff's claim for rent.

It was, and is, agreed that the issues were joined in the district court case on March 27, 1937. The record here shows that this action was not commenced until June 17, 1937, when the rent for the three months, April, May and June in that year, was due and payable.

The evidence discloses that defendant had given plaintiff's husband money to apply on the rent from time to time, and that he had sold them merchandise on open account, but he admitted that he had not paid plaintiff any rent for the months involved, which we feel amounted to a confession of judgment.

We are in accord with argument of defendant urging the undesirability of multiplicity of suits, but since Colorado is recognized as a state liberal in the construction of its code provisions relative to the joinder of actions (1 Am. Jur. 465), we cannot say here that plaintiff should be compelled to rely on application to amend the answer in the district court case after the issues therein were joined, and it is very doubtful under the facts and circumstances here whether plaintiff could have been compelled to join this cause of action with her defense in the district court. At least the evidence is not very persuasive that it affected the plaintiff in the same "character and capacity," but, assuming that it did, the Code provision ('35 C. S. A., vol. 1, c. 4, p. 158, §76; [S. L. '87, p. 115, §70]) concerning the joinder of causes of action is

not mandatory. It says plaintiff ''may'' unite, not that he ''must'' unite them.

■ The cause of action in the district court was against the husband and wife jointly. This action is by the wife alone. A cause of action which accrues to a husband and wife jointly cannot be joined with one which accrues to one or the other alone. *Henderson v. U. S. Radiator Corp.* 78 Fed. (2d) 674, a case involving the Colorado Code.

There was no error of law committed by the trial court, and as to any conflict in the evidence, we are not concerned, since, as stated above, the admissions of the defendant amounted to a confession of judgment.

■ In view of what appears in the record concerning the pleadings in the district court, no substantial injustice can come from our affirmance of this judgment, since most of the contentions urged by defendant are still available to him in that suit, there being no judgment of estoppel here. *Held v. Houser,* 53 Colo. 363, 127 Pac. 139.

Finally, it should be noted that our justice court practice commends diligence in attachment proceedings, and this seems a proper case to give the plaintiff the benefit of that commendation.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.