**EVERGREEN FIRE PROTECTION DISTRICT, Petitioner-Appellant,**

v.

**Richard M. HUCKEBY, Gloria Cozak Huckeby, Pacific Mortgage Co., Donald Couch, Treasurer of Jefferson County, and Helen Bush, Public Trustee of Jefferson County, Respondents-Appellees.**

No. 79CA0640.

Colorado Court of Appeals, Div. I.

March 12, 1981.

Collins & Cockrel, P. C., Paul R. Cockrel, Denver, for petitioner-appellant.

Peter D. Van Soest, Denver, for respondents-appellees.

STERNBERG, Judge.

In this eminent domain proceeding, the Evergreen Fire Protection District appeals from a judgment determining value of the condemned parcel and damages to the residue. We affirm.

In 1975, the district approached the Huckebys regarding the purchase of a parcel of their land to be used for parking. The subject property contains about .05 acre and is located across a county highway from the district's fire station. It is separated from the Huckeby land by a creek. The only access from the Huckeby property to the highway is across a neighbor's property, over a bridge spanning the creek, then through the subject property.

Although the district had been using the land for parking for some 9 years with the Huckebys' permission, the Huckebys refused to sell because the parcel in question constituted their only legal access to the county highway. As an alternative, they offered to lease the land to the district. Refusing this arrangement, the district made known its intent to condemn the parcel. In return, the district offered to grant an easement from the highway to the existing bridge. However, the proposed taking eliminated the Huckebys' opportunity to construct their own bridge in the event they were denied access over their neighbor's bridge and property. By letter dated December 30, 1975, the Huckebys informed the district that, because the bridge did not connect the parcel to be condemned with the residue, the easement so drawn would still eliminate their legal access and warned of the potentiality for an award for damage

to the residue if a condemnation action were filed.

The district nevertheless filed an eminent domain action pursuant to § 32–5–314(1)(j), C.R.S.1973. The Huckebys moved to dismiss. At a hearing on this motion, held on November 15, 1976, they demonstrated that legal access would be destroyed and urged that the easement be redrawn to permit them to construct a bridge if the need arose or, in the alternative, that other landowners be joined in order to remedy the problem. The trial court agreed with the district that the district had the power to condemn, and therefore, the motion was denied.

In their answer, the Huckebys asserted that by proceeding in this matter the district was abusing its discretion by failing to minimize the damages to the taxpayers. However, the petition was not amended, and the matter was set for hearing to determine legal issues and to appoint commissioners to determine values. At this hearing, on June 13, 1977, the Huckebys withdrew their legal defenses, advising the court that they had commenced construction of another residence in reliance on the district's determination to proceed.

On April 4, 1978, the appointed commissioners met and heard evidence regarding the value of the condemned parcel and damage to the residue. At the conclusion of the hearing, they entered a certificate of ascertainment and assessment fixing the value of the condemned parcel at $1,400 and damages to the residue at $25,000. Thereafter, the trial court entered its judgment, granting the district a possessory interest in the property and awarding the Huckebys the amount fixed by the commissioners, plus interest. From this judgment, the district appeals.

I.

■ The district's first contention of error on appeal relates to denial of its motion to amend the pleadings to provide legal access from the condemned parcel to the residue. This motion was made after the fact-finding hearing before the commissioners.

Although the district maintains that it never intended to deprive the Huckebys of legal access to the residue, it failed to attempt to correct placement of an easement across the condemned parcel in order to remedy the problem until some 27 months after it was first put on notice that its proposed action would destroy legal access to the Huckebys' residence. It was not until the conclusion of the hearing on April 4, 1978, that the district made its first effort to correct the problem by filing the motion to amend.

Denial of the motion to amend was within the discretion of the trial court. Section 38–1–104, C.R.S.1973, which applies here, see Boxberger v. State Highway Commission, 126 Colo. 526, 251 P.2d 920 (1952), states:

Amendment to the petition ... may be permitted whenever necessary to a fair trial and final determination of the questions involved." (emphasis added)

Here, the trial court's refusal to permit an amendment was based on consideration of fairness to the parties, as the statute requires. Had amendment of the easement been permitted after the hearing, new issues, such as the need for a bridge on the new alignment and the cost of construction of such a bridge, would have been raised.

Moreover, the rationale in Piz v. Denver Housing Authority, 132 Colo. 457, 289 P.2d 905 (1959) is persuasive in this context: if the condemnor is fully aware of the nature and value of the property it seeks to take, it may not wait until after evidence of value has been heard and, because of anticipated dissatisfaction with the amount of the award, modify its position where, as here, the property owners have changed their position in good faith and reliance on the condemnor's representations. Consequently, we conclude that the trial court did not abuse its discretion in denying the condemnor's motion to amend.

II.

■ The district urges as error the award of $25,000 for damage to the residue, con-

tending that it is excessive and not supported by the evidence. There was no error.

■ Based on his analysis of comparable sales, the district's own expert, a real estate appraiser specializing in residential property, estimated that, assuming that an easement providing access to the remainder would be granted, at the time of appraisal the entire property was worth $45,000 and the parcel to be condemned $1,000. He also said that if there were no safe, legal access to the residue "[t]he value of the property would be zero .... Well, maybe not zero, but it would be negligible" because no title insurance could be purchased to the landlocked residue. He estimated that the property was worth $54,000 when the hearing took place. Hence, the commissioners' valuation of damages to the residue, which the district now claims is excessive, is supported by the unchallenged testimony of its own witness. Where competent evidence in the record fixes the value higher than the value awarded, the judgment may not be overturned on a claim of excessiveness. *See Hayden v. Board of County Commissioners*, 41 Colo.App. 102, 580 P.2d 830 (1978).

Although the district now complains that the court erred in accepting testimony regarding value offered by the Huckebys' witnesses, such error, if any, is harmless in view of the fact that the commissioners' award is supported by competent evidence offered by the district's own expert.

### III.

In support of its argument that this award is not grounded in the evidence, the district also points to the commissioners' responses to certain interrogatories concerning valuation which it propounded at a subsequent hearing. On May 15, 1979, more than 13 months after the fact-finding hearing at which the value of the property was fixed, the commissioners were reconvened to remedy a technical defect in the legal description of the property in the certificate of ascertainment and assessment. At this proceeding, the district asked the trial court's permission to submit to the commissioners special interrogatories regarding their valuation made over a year before. Over the Huckebys' objection, the commissioners were directed to respond to these interrogatories. They did so without having access to a transcript of the original proceedings, as the Huckebys requested. Their responses to these interrogatories are at variance with some details of the earlier award.

■ Although the trial court has the discretion to submit interrogatories to be answered as part of the commissioners' report in an eminent domain proceeding pursuant to § 38–1–115(3), C.R.S.1973, this statutory provision contemplates that any such interrogatories will be propounded at the time of the valuation hearing. Any objection to the commissioners' report must be made when it is returned, before the commissioners are discharged. *See Fort Lyon Canal Co. v. Farnan*, 48 Colo. 414, 109 P. 861 (1910).

■ Because the request to submit interrogatories was not timely, and because the reliability of the responses to the untimely interrogatories may be suspect, the trial court erred in submitting the propounded interrogatories to the commissioners. The responses to the interrogatories should not be allowed to impeach the earlier determination. Because of the one year interval between receipt of complicated evidence and entry of findings based thereon, and the answers to the interrogatories, those answers are more a test of the commissioners' memories than proof of error in their original determination.

### IV.

■ On November 27, 1978, the trial court entered judgment, *nunc pro tunc*, April 4, 1978, for the district for possession of the condemned property and judgment in favor of the Huckebys for $26,400 plus interest from the day of possession. The district claims that instead, interest should have awarded from May 15, 1979, the date of the amended certificate of ascertainment and assessment. We disagree.

For purposes of entitlement to interest, the date of possession is controlling. *Denver Urban Renewal Authority v. Hayutin*, 40 Colo.App. 559, 583 P.2d 296 (1978). Here, by order of the trial court, that date was April 4, 1978. The fact that technical defects in the commissioners' certificate of ascertainment and assessment and various post-trial motions raised by the district delayed entry of final judgment dispositive of all issues in the case until May 15, 1979, does not affect the date of possession.

Judgment affirmed.

COYTE and BERMAN, JJ., concur.