CUCHARAS SANITATION & WATER DISTRICT, a quasi-municipal corporation, County of Huerfano, State of Colorado, Petitioner–Appellant,

v.

C.J. MOUNSEY, L. Catherine Mounsey, and Shirley Zubal, Treasurer of the County of Huerfano, State of Colorado, Respondents–Appellees.

No. 89CA1550.

Colorado Court of Appeals, Div. V.

Dec. 20, 1990.

Rehearing Denied Jan. 24, 1991.

Robinson & Scheurer, P.C., Michael D. Boster, Peter J. Gowen, Lakewood, for petitioner-appellant.

Opperman & Associates, P.C., Marlin D. Opperman, William M. Schell, Denver, for respondents-appellees.

Opinion by Judge KELLY [*].

In this appeal of an adverse summary judgment dismissing its condemnation proceeding against the Mounseys, the Cucharas Sanitation and Water District presents three questions for resolution: Did the trial court err in requiring the District to join its easement claims with its primary site claim; did the trial court err in entering summary judgment against the District because it had failed properly to prepare and

join these claims; and did the trial court correctly award attorney fees to the Mounseys. We conclude that there was no abuse of discretion in requiring the joinder of the claims, but that the entry of summary judgment was error. Accordingly, we reverse.

In January 1989, the District filed its petition in condemnation seeking to condemn a three-acre portion of the 131–acre ranch constituting the Mounsey property. In its petition, the District pleaded its authority "to exercise the power of eminent domain to acquire private property for use as a sewage treatment facility and *to acquire rights-of-way over private property for sanitary sewer lines....*" (emphasis added) Although the District also alleged that "[t]he property for the sewage treatment facility *and rights-of-way sought to be taken in this proceeding* are within the boundaries of the County of Huerfano," (emphasis added) it is evident in the prayer that the District made no claim in this condemnation action for the easements, and the legal descriptions of such easements were not included in the petition. Further, counsel for the District made it plain at the hearing on immediate possession that the District had not intended to include a claim for easements in this action.

At the conclusion of the hearing on immediate possession, the trial court denied the requested order. It is unclear in the trial court's order whether this ruling was based on the total failure of the District to include an easement claim or whether the trial court interpreted the above-quoted pleadings as having alleged the easement claims, the deficiency then lying in the District's failure to include the legal description of the easements and an allegation that there had been a bona fide effort to negotiate value. *See Platte River Power Authority v. Nelson*, 775 P.2d 82 (Colo. App.1989) on which the trial court relied.

A few days later, the Mounseys moved for entry of summary judgment. The District filed a response arguing that it should

---

[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

be permitted to perfect its proceeding by amendment or supplementation of its petition. The District alleged that the property was then being appraised and, at least implicitly, that it should be permitted to conduct negotiations for the easements in order to prepare an accurate supplemental pleading. The District further alleged that there would be little delay occasioned by such proceedings because of the urgency of its need for immediate possession.

The trial court entered summary judgment for the Mounseys. The court ruled that, because the easement claims were not properly joined, the Mounseys were entitled to judgment as a matter of law. The court later entered an order awarding attorney fees to the Mounseys.

While there are situations in which the Colorado Rules of Civil Procedure govern the practice in eminent domain proceedings, *see Boxberger v. State Highway Commission*, 126 Colo. 526, 251 P.2d 920 (1952); C.R.C.P. 18(a), the joinder of claims and the amendment of pleadings are within the explicit provisions of § 38–1–104, C.R.S. (1982 Repl.Vol. 16A). Insofar as pertinent here, that statute provides:

"Any number of separate parcels of property situate in the same county may be included in one petition, and the compensation for each shall be assessed separately by the same or different commissions or juries, as the court may direct. Amendment to the petition or to any paper or record in the cause may be permitted whenever necessary to a fair trial and final determination of the questions involved...."

■ Pursuant to these provisions, the joinder of claims is permissive, and amendment of the pleadings is within the discretion of the court as fairness to the parties requires. *Evergreen Fire Protection District v. Huckeby*, 626 P.2d 744 (Colo.App. 1981).

■ Under the facts disclosed by this record, the trial court properly exercised its discretion in denying the order for immediate possession and requiring joinder of the easement claims with the site claim. In this proceeding, the District sought to condemn a three-acre parcel of a 131–acre ranch belonging to the Mounseys for the purpose of building a waste water treatment facility. Maps of the project introduced into evidence made it clear that the District would need access to the treatment plant for its sewer lines across the remainder portion of the Mounseys ranch. It is undeniable that fairness to the Mounseys under the statute requires the joinder of the easement claims with the site claims. The District does not seriously argue otherwise. Hence, we conclude that the trial court did not err in denying the order for immediate possession and requiring the joinder of the claims.

■ However, the entry of the summary judgment in favor of the Mounseys and against the District had the effect of making the joinder of those claims mandatory, a proposition for which we find no authority, and for which none has been cited. To the contrary, both § 38–1–104 and C.R.C.P. 18(a) are permissive in tenor. *See Norton v. Ray*, 102 Colo. 273, 78 P.2d 979 (1938).

*Platte River Power Authority v. Nelson, supra,* on which both the trial court and the Mounseys relied, is inapposite. There, the dismissal of the case rested upon the concession of Platte River that it had failed in its petition adequately to describe the easement for ingress and egress which it sought to condemn. Here, the District did not purport to condemn the easements; it was ordered to do so. However, the entry of summary judgment based on its failure to describe the easements effectively prevented it from doing what it had been ordered to accomplish. The result was a mandatory joinder of claims which placed the District's condemnation proceeding at peril.

While there are situations in which public policy requires mandatory joinder of claims, *see, e.g., Powers v. Board of County Commissioners*, 651 P.2d 463 (Colo.App. 1982), this is not one of them. On the contrary, the plain intendment of the eminent domain statute is to encourage liberality of pleading and practice in such proceeding. *See* § 38–1–104 and § 38–1–105,

C.R.S. (1982 Repl.Vol. 16A). Joinder of claims, amendment of pleadings, addition of parties, and adjournment of proceedings are all allowed under the statute, and all in the interest of promoting fairness and justice between the parties.

As has often been said, summary judgment is a harsh and drastic remedy, and is not a substitute for trial of disputed facts. *Kaiser Foundation Health Plan v. Sharp*, 741 P.2d 714 (1987). Its purpose is to permit the parties to pierce the formal allegations of the pleadings and save the time and expense of trial when, as a matter of law, and based on undisputed facts, one party is entitled to judgment. *Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231 (1984). Such is manifestly *not* the case here.

As was said by the court in *Bruce Construction Corp. v. United States*, 242 F.2d 873 (5th Cir.1957), the wholesome utility of summary judgment:

"is, in advance of trial, to test, not *as formerly on bare contentions found in the legal jargon of pleadings, but on the intrinsic merits*, whether there is in actuality a real basis for relief or defense." (emphasis added)

The sole infirmity here is in the failure to *plead* both claims in a single action. This deficiency does not deprive the District of its authority to condemn, nor rob it of its entitlement to recover on the merits, once the issues are properly joined and tried under the statute.

The District's entitlement to judgment is indisputable if it establishes the prerequisites of the statute. It has a right to determination by the fact-finder of the dispute as to the value of the treatment facility site as well as any factual issues which may arise as a result of the filing of its easement claims.

Since there was error in the order granting summary judgment, it follows that the Mounseys were not entitled to recover attorney fees under the statute. *See* § 38–1–122(1), C.R.S. (1990 Cum.Supp.).

The summary judgment is reversed, and the cause is remanded with directions to reinstate the District's petition, to allow the filing of the District's easement claims against the Mounseys, and for further proceedings consistent with the views expressed herein. The order awarding attorney fees is also reversed.

HUME and ENOCH, JJ., concur.